MARY BRENNER ADLEMAN

*vs.*

THE OCEAN ACCIDENT & GUARANTEE CORPORA-
TION, LIMITED, ET AL.

*Workmen's Compensation Act: construction; "dependency";
as of time of injury; marriage of dependent child;
no ground for modification of award.*

Under the Workman's Compensation Act, Chapter 800 of the
Acts of 1914, the question of the dependency of those who seek
the benefit of the statute is to be determined in accordance
with the facts existing at the time of the injury that resulted
in the death of the employee.                       p. 578

Section 49 of the Act, in authorizing the Commission to ap-
portion the benefits among the dependents in such manner as
they may deem just and equitable, has no reference to the
*amount* of benefits to be paid by the employer.       p. 580

Any modification or change by the commission of its former
finding in a case must be based upon the facts existing at the
time of the injury, and can not be made to rest upon or con-
form to conditions arising and existing subsequent to the date
of the injury, provided the award is to those living at the time
of the death of the injured employee.               p. 578

The right of a dependent sister of an employee, whose death
was the result of an accident, to receive compensation under the
Act, is not conditioned upon her remaining unmarried.  p. 577

Section 53 of the Act, providing that the power and jurisdic-
tion of the commission * * * shall be continuing, and that it
may from time to time make such modifications or changes

with respect to former findings as in its opinion may be justi-
fied, does not authorize the commission to abate or modify an
award made to a dependent sister, merely because she subse-
quently marries.                                    p. 580

*Decided June 26th, 1917.*

Appeal from the Circuit Court for Washington County.
(KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, URNER and STOCKBRIDGE, JJ.

*Frank G. Wagaman,* for the appellant.

*Frank Gosnell* and *Alexander Armstrong, Jr.,* for the ap-
pellees.

THOMAS, J., delivered the opinion of the Court.

On the 5th of December, 1914, Morris Brenner, an em-
ployee of the Reliable Junk Company, of Hagerstown, Mary-
land, died as the result of an accidental injury arising out
of and in the course of his employment by said company.
His mother, Toba Brenner, and his sister, Mary Brenner,
filed a claim for compensation as dependents under the Act
of 1914, Chapter 800, known as the *Workman's Compensa-
tion Law,* and the State Industrial Accident Commission, on
April 7th, 1915, passed an order awarding them as partly
dependent upon the deceased, the sum of $12.50 per week,
which the Commission apportioned between the claimants,
giving each of them $6.25 per week, payable weekly, for the
period of four years and thirty-two weeks from the 5th day
of December, 1914.

On the 10th of June, 1916, the Ocean Accident & Guar-
antee Corporation, Limited, the insurer in the case, filed a

petition alleging that Mary Brenner was married to Nathan
Adleman on the 19th of June, 1915, and that she had con-
cealed her marriage from the petitioner until the 1st day of
June, 1916, and praying that the compensation awarded her
be abated by the Commission as of the 19th of June, 1915.
After a hearing, at which the facts stated in the petition, ex-
cept the alleged concealment of the marriage, were admitted,
the Commission passed an order denying the relief prayed
and dismissing the petition. From that order the petitioner
appealed to the Circuit Court for Washington County, and
that Court on the 10th of January, 1917, passed an order
reversing the order of the Commission and abating the com-
pensation awarded Mary Brenner as of the 19th day of June,
1915.

This appeal is from the order of the Circuit Court, and the
single question involved is whether the *subsequent marriage*
of a partly dependent sister of a deceased employee deter-
mines her right to compensation awarded her by the Commis-
sion and authorizes the Commission to abate it. The answer
to this question must, of course, be found in the provisions
of the Act under which the award was made. The Commis-
sion took the view that it had no authority to grant the relief
prayed, while the Circuit Court held that under a proper
construction of the Act the subsequent marriage of Mary
Brenner determined her right to the compensation, and that
the Commission, and the Circuit Court on appeal, were
authorized to abate it.

The Act, after declaring its purpose to provide "sure and
certain relief for workmen injured in extra-hazardous em-
ployments and their families and dependents * * * regardless
of questions of fault and to the exclusion of every other
remedy," except as therein provided, and after providing for
a commission to administer the law, declares in section 14:
"Every employer, subject to the provisions of this Act, shall
pay or provide as required herein compensation according to
the schedules of this Act for the disability or death of his
employe resulting from an accidental personal injury sus-

tained by the employe arising out of and in the course of his employment, without regard to fault as a cause of such injury," etc.

Other sections of the Act require the employer to secure the payment of the compensation referred to in Section 14, and provide how he may do so.

Section 35 declares that, "Each employe (or in case of death his family or dependents), entitled to receive compensation under this Act shall receive the same in accordance with the following schedule, and except as in this Act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." After providing for permanent and temporary total disability and permanent and temporary partial disability, this section contains the following provisions for cases where the injury causes the death of the employe within two years:

"If there are wholly dependent persons at the time of the death, the payment shall be fifty per cent. of the average weekly wages (of the employe), and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to more than a maximum of four thousand two hundred and fifty dollars, nor less than a mimimum of one thousand dollars."

"If there are partly dependent persons at the time of the death, the payment shall be fifty per cent. of the average weekly wages, and to continue for all of such portion of the period of eight years after the date of the injury, as the Commission in each case may determine, and not to amount to more than a maximum of three thousand dollars."

"The following persons shall be presumed to be wholly dependent for support upon a deceased employe: A wife or invalid husband ('invalid' meaning one physically or mentally incapacitated from earning), a child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) living with or dependent upon the parent at the time of the injury or death."

"In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person be a father, mother, grandfather, grandmother, stepchild or grandchild, or brother or sister of the deceased employee, including those otherwise specified in this section."

Under these sections, where the employee, engaged in any one of the employments covered by the Act, dies as the result of an "accidntal personal injury * * * arising out of and in the course of his employment," within two years, leaving at the time of his death persons within the class mentioned who were, at the time of the injury, partly dependent upon him, the Act imposes upon the employer a liability to pay to such dependents fifty per cent. of the average weekly wages of the employee, to continue for all or such portion of the period of eight years after the date of the injury as the Commission may determine, not to amount to more than a maximum of three thousand dollars. Except as to those presumed to be wholly dependent, the question of dependency, in whole or in part, and the portion of the period of eight years after the date of the injury during which fifty per .cent. of the average weekly wages of the employee is to be paid to those partly dependent, is left to the determination of the Commission, but when so determined the obligation of the employer to pay, and the right of the beneficiaries to receive the compensation provided, becomes definite and certain. This *obligation to pay* and the *right to receive* are not, by the terms of the Act, made conditional upon the beneficiary remaining unmarried, or dependent upon his or her subsequent state of dependency, and nowhere in the Act is there found express authority to the Commission to abate the compensation. The relief to the dependents of the deceased employee provided by the Act is in lieu of that afforded by the common law, and sub-section 11 of section 62 of the

Act defines "Beneficiary" as "a husband, wife, child, children or dependents of an employee in whom shall vest a right to receive payment under the Act." The Act defines the duties and powers of the Commission, and in the absence of a clear grant of such power, we would not be justified in holding that it is authorized to abate compensation expressly provided by the Act as "sure and certain relief" for those who were partly dependent upon a deceased employee, and whose right thereto has been determined and has vested in accordance with the terms of the Act. When we speak of the right to the compensation as vesting in the beneficiary we do not mean to indicate that the right of those partly dependent to the compensation awarded them is a vested right in the sense that if they should die before the completion of the weekly payments allowed them their right to the same would devolve upon their personal representatives. That question is not presented by the record and we are not to be understood as expressing any opinion in regard to it. But that the right to the compensation provided by the statute vests in such beneficiaries in the sense that it is not conditional upon their remaining unmarried, and that the marriage of such a beneficiary does not authorize the abatement of the compensation by the Commission we think is free of doubt.

The appellee relies and the learned Court below based its conclusion upon section 53, which provides that: "The powers and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modifications or change with respect to former findings or orders with respect thereto as in its opinion may be justified." A reference to several other sections of the Act will show the purpose and application of this section. For instance, under section 41 compensation may be suspended by the Commission where an employee refuses to submit to a medical examination. Under section 42, in case of aggravation, diminution or termination of disability, the Commission may readjust the rate of compensation, and, in a proper case, ter-

minate the payments, and under section 43, if a beneficiary has been a non-resident of the State for one year the Commission may convert weekly payments into a "lump sum payment." These and other provisions indicate the power granted to the Commission in the exercise of its continuing jurisdiction, but they afford no support for the contention here made by the appellee. If we assume that under section 53 the Commission may make such modifications or change in its former findings in reference to those partly dependent upon a deceased employee, or its orders in respect thereto, as in its opinion may be justified, the change or modification made must nevertheless be such as is authorized by the Act. Sub-section 4 of section 35 declares in explicit terms that in all cases, other than those in which the law presumes the claimants to be wholly dependent, the question of dependency, in whole or in part, *shall be determined in accordance with the facts existing at the time of the injury resulting in the death of the employee.* It is clear that if the question of dependency is to be determined upon the facts existing *at the time of the injury,* any modification or change by the Commission of its former finding upon that question must likewise be based upon the facts existing at the time of the injury, and can not be made to rest upon or to conform to conditions arising and existing subsequent to the date of the injury, provided, of course, the award is to those living at the time of the death of the injured employee. Here the application is not for a correction or modification of the finding of the Commission upon the facts existing at the date of the injury, but the petitioner, in the face of the express terms of the statute, seeks to have the question of dependency of Mary Brenner determined by the Commission upon a state of facts arising after the injury, the death of the employee and the award of the Commission, and to have the former finding and order of the Commission changed accordingly. In dealing with a similar provision in the Ohio statute, where it was claimed that it conferred upon the Board of Awards

power to abate an award to one wholly dependent upon a deceased employee, the Supreme Court of Ohio said in *State v. Industrial Commission*, 111 N. E. 299: "If section 39 could be construed as giving the board power to abate an award made under paragraph 2 of section 35, in case of the death of a dependent prior to completion of payments, it necessarily follows that it could be construed also as giving the board power and jurisdiction to determine dependency at any time during the period covered by the payments, instead of having its determination expressly limited by the statute, although it is, to dependency at the time of death, and, as the statute is inflexible as to amount of award, abate the award at any time the person to whom the compensation was granted ceased to be a dependent. This construction would be directly contrary to the statutory requirements."

Section 49 provides: "The benefits in case of death shall be paid to such one or more of the dependents of the decedent for the benefit of all the dependents as may be determined by the Commission, which may apportion the benefits among the dependents in such manner as it may deem just and equitable." It is suggested that under this section and section 53 the Commission may reapportion the compensation among the dependents, and it is argued that if the Commission has the power to change the award to one of the beneficiaries it may abate it entirely. We are not required in this case to determine whether the Commission has the power to change its award for the purpose of reapportioning the compensation among the dependents. The statute fixes the *amount* of the weekly payments the employer is required to make to the beneficiaries at fifty per cent. of the average weekly wages of the deceased employee. *That amount* cannot be changed by the Commission, but must be paid to one or more of the dependents *for the benefit of all*, or may be apportioned among them as the Commission may deem just and equitable. Toba Bremner, the other beneficiary, is not asking for a reapportionment of the weekly payment fixed

by the statute, but the petitioner, the insurer, is in effect seeking to have the statutory allowance reduced to the extent of one-half. The terms "just and equitable" used in section 49, relate not to the amount of compensation to be paid by the employer or insurer, but to the *apportionment of the same among the beneficiaries.* In that the petitioner can have no interest.

Section 42 provides that "In case of the remarriage of a dependent widow of a deceased employe without dependent children, all compensation under this act shall cease," etc., but there is no such provision in reference to other dependents mentioned in the Act, and it is reasonable to conclude that if the Legislature, while dealing with the subject of abatement of compensation, had intended the compensation provided for a sister to abate upon her marriage it would have so declared in plain terms.

We have examined the other cases cited by counsel but they furnish very little aid in arriving at the proper conclusion in the case before us. Those determining the effect of the marriage of a dependent are based upon statutes unlike the Maryland law, while in the others the question involved was the right of the personal representatives of a deceased dependent to the compensation awarded or provided by statute.

As the Maryland Act does not provide for the abatement of compensation awarded to a partly dependent sister of a deceased employee upon her marriage, or authorize the Commission to abate it on that ground, we must reverse the order of the Court below.

*Order reversed, with costs to the appellant, Mary Brenner Adleman.*