## ROYAL P. BOTT'S (dependent's) CASE.

Suffolk.    March 6, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workman's Compensation Act,* Dependency. *Evidence,* Presumptions and burden of proof.    *Words,* "Dependents."

A woman to whom an award is made under the workmen's compensation act as the dependent widow of a deceased employee is entitled to receive the payments during the whole of the period covered by the award if she lives so long, and her right to compensation does not cease by reason of her marriage before the expiration of the period to another man able and willing to support her.

In this case it was *pointed out* that in a claim under the workmen's compensation act by the alleged dependent widow of an employee, if the widow was living with her husband at the time of his death, the presumption created by St. 1911, c. 751, Part II, § 7 (*a*), that she was wholly dependent upon her husband's earnings for support, is made conclusive and cannot be affected by any proof of facts to the contrary.

APPEAL to the Superior Court under St. 1911, c. 751, Part III § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board that Anna M. Morgan, formerly Anna M. Bott, to whom an award of $10 a week for a period of four hundred weeks from March 30, 1915, was made as, the dependent widow of Royal P. Bott, an employee of the Otis Elevator Company, who died on April 10, 1915, as the result of an injury received

in the course of his employment on March 30, 1915, continued to be entitled to such compensation until the termination of the period of the award, notwithstanding the fact of her marriage on June 16, 1916, to Albert W. Morgan, whose earnings were sufficient for the support of both of them.

The case was heard by *J. F. Brown*, J.

Before the Industrial Accident Board Anna M. Morgan, the claimant, testified that in April, 1915, her name was Anna M. Bott and she was the wife of Royal P. Bott, who was injured while in the employ of the Otis Elevator Company on March 30, 1915, and died on April 10, 1915. Before his injury she lived with him and they had no children. Since Bott's death, and up to the present time, she had received compensation at the rate of $10 a week from the insurer. Since Bott's death, or in June 16, 1916, she was married to Albert W. Morgan, with whom she had lived since. Morgan was and is a salesman in the employ of A. Storrs and Bement Company. When questioned as to Morgan's salary, the witness stated that she objected to answering because she did not think it necessary. She stated, however, that his salary was sufficient to support them both; and it had been since their marriage. She testified that she and Morgan lived at 19 Vassar Street, Dorchester, occupying one apartment of a three-story wooden structure. They had a telephone. She had no maid, and had no maid when she lived with Bott. She has never had any children. She stated that while she was living with Bott she worked every day as a bookkeeper, receiving a weekly wage of $13. She did not work because it was necessary for her support, but because she preferred it to housework. She was working at the time of Bott's injury. Between the time of Bott's death and the date of her marriage to Morgan she worked. After her marriage to Morgan she worked for a while, but she ceased working because Morgan objected so much. She does not work now. She stated that she does not spend the $10 a week compensation which she receives from the insurer at the present time for things that otherwise would be purchased by Morgan if she did not have the money, but she spends it for things which she would not ask him to buy for her.

The judge made a decree, in accordance with the decision of the Industrial Accident Board, that the new marriage of the

claimant in no way affected her right to the compensation originally awarded to her. The insurer appealed.

*G. Gleason,* for the insurer.

No counsel appeared for the claimant.

RUGG, C. J. The question presented on this record is whether a woman, awarded compensation because she is the widow of an employee who lost his life from injuries arising out of and in the course of his employment by a subscriber under the workmen's compensation act, is barred from receiving further payments upon her remarriage. It is manifest from the facts found that in fact she is no longer dependent for her support upon the payments received under the act.

It was held in *Murphy's Case,* 224 Mass. 592, that the right to payments under the act was not vested, and ceased upon the death of the dependent. But that decision does not reach to the point here raised. Its reasoning in brief was that there was no provision in the act for payment to be made to anybody save to the dependents therein named, and nothing to indicate a purpose that the payments be made to the personal representatives of dependents in case of their death, and that to treat the right to such payments as passing to their executors or administrators often would or might result in payments to persons in no way connected with the deceased employee or his family or kindred, and this might deprive some of his kindred in truth dependent upon his wages for support of any payment under the act. The practical justice of that decision is illustrated by *Bartoni's Case,* 225 Mass. 349, 354. The word "dependents" as matter of construction did not seem rationally susceptible of including their personal representatives in case of their death, in view of the context of the act and its general purpose. That reasoning does not apply to the case at bar. Here no question of construction of the words of the act is involved. It is provided that the payments shall be made to the dependents as therein defined. There is no doubt that the widow came within that descriptive word. The ascertainment of dependents is made as of the time of the injury to the deceased employee. It cannot be made as of any other time. St. 1911, c. 751, Part II, § 6, as amended. The widow was wholly dependent upon the deceased employee, her husband, at that time, by the conclusive presumption of the act, because she was living with him. § 7, as amended.

No provision is made by the act for inquiry into any subsequent change in her condition of dependency. She may become heiress to a fortune after his death and thus be utterly independent of the payments provided by the act. But there is no provision for an adjudication of that fact. If such an event should occur, it would be immaterial so far as concerns any procedure under the act. The act provides that the stated payments shall be made to her during the period covered by the award except in the event of her death. Whatever incongruity there may be in continuing payments to a person on the presumption that she is dependent on a deceased husband when in fact she is receiving ample support from a new husband, is a matter for the Legislature and not for the courts to remove.

*Decree affirmed.*