VEARL DAVEY, Appellee, v. NORWOOD-WHITE COAL COMPANY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Forfeiture 1 of Compensation. Compensation awarded under the Workmen's Compensation Act to a wife with dependent minor children, because of the death of the husband and father, is not forfeited by the *remarriage* of the wife.

**MASTER AND SERVANT:** Workmen's Compensation Act—Change 2 of Condition. The provision of the statute (Sec. 2477-m34, Code Supp., 1913) providing for a change in the compensation, owing to the "condition" of the employee, has reference solely to the *bodily* condition of the employee, and such condition necessarily becomes *fixed* upon the death of the employee.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 13, 1923.

PROCEEDING under the Workmen's Compensation Act. It was ordered therein by the industrial commissioner that the defendant continue to pay compensation to the plaintiff, as the surviving spouse of an injured workman, notwithstanding that she had remarried since the death of such workman, and was no longer dependent for support upon the compensation origi-

nally awarded to her. Upon appeal by the defendant to the district court, such order was affirmed there. From the judgment of the district court, the defendant has appealed to this court. —*Affirmed.*

*Bates & Dashiell* and *Stipp, Perry, Bannister & Starzinger,* for appellants.

*Clarkson & Huebner,* for appellee.

EVANS, J.—The plaintiff, Vearl Davey, was formerly Vearl Nesbitt, the surviving spouse of John Nesbitt, a former employee of the defendant's, who, in the course of such employment, was injured on March 23, 1920, and who died as a result of his injuries, on April 14th following. Said employee was survived also by his two children, aged seven years and two years, respectively. Following his death, weekly compensation was awarded for 300 weeks, as provided by statute, and the amount thereof was agreed upon as $15 per week. Such compensation was regularly paid by the defendant until October 24, 1922, on which date the widow was married to one John R. Davey. The refusal of the defendant to make further payment was predicated upon the claim that by her marriage the surviving spouse ceased to be the surviving spouse of her former husband, and ceased to be his dependent, and ceased to be dependent for support upon the compensation previously awarded. The argument here is that the purpose of the statute is to award *support* to the dependents of the dead employee, and that, when the necessity of support ceases, the right to compensation ceases also: that is to say, that an award of compensation is analogous to an allowance of alimony in a divorce proceeding, and is subject to change in accordance with the changing financial condition of the respective parties.

1. MASTER AND SERVANT: Workmen's Compensation Act: forfeiture of compensation.

On the other hand, it is the contention of appellee that the right to compensation is determined by the status of the parties *at the time of the injury* to the employee, and that such status at such time fixes the right of the dependent to the measure of compensation provided by the statute, and that the right to

such measure becomes then and there vested.  A single exception to this rule is conceded.  This exception is found in Section 2477-m16 (c) (1), Code Supplement, 1913, as amended by Section 11, Chapter 270, Acts of the Thirty-seventh General Assembly, and is as follows:

"And should the deceased employee leave no dependent children, and should the surviving spouse remarry, then all compensation payable to her shall terminate on the date of such remarriage."

Section 2477-m9 (d), Code Supplement, 1913, as amended by Section 3, Chapter 220, Acts of the Thirty-eighth General Assembly, provides:

"If death results from the injury, the employer shall pay the dependents of the employee wholly dependent upon his earnings for support *at the time of the injury,* a weekly payment equal to sixty per cent of his average weekly wages, but not more than fifteen ($15.00) dollars nor less than six ($6.00) dollars per week for a period of three hundred weeks."

Section 2477-m16 (c), Code Supplement, 1913, provides that the surviving spouse of a deceased employee and his children under sixteen years of age "shall be conclusively presumed to be wholly dependent" upon the deceased employee.

It will be observed that the statute expressly fixes the rate of compensation at 60 per cent of the average weekly wages of the deceased employee for 300 weeks.  Such amount is fixed regardless of the number of dependents.  If the number of dependents be many, the amount of compensation is not increased thereby; if they be few, it is not diminished thereby.  If this deceased employee had been survived by one child as his sole dependent, the amount of compensation for which the defendant would be liable for such one child would be the same as the amount actually awarded to the widow and two dependent children.  This statutory right to compensation supplants and bars a right of action for damages for wrongfully caused death. The right of action thus barred would be a vested right, were it not for this substitute provided by the statute.  We see no less reason for saying that the statutory substitute becomes also a vested right.

It will be observed that it will avail defendant nothing to

defeat the widow alone in her right to claim compensation. If she alone, because of her marriage, were excluded from the benefits of the compensation awarded, it would not reduce the defendant's burden of liability. The full amount would still be due to the dependent children. To meet this situation, the defendant contends, not only that the wife has ceased to be the dependent of her former husband, but that her children have also ceased to be such, in that they have become the stepchildren of the new marriage, and have thereby become the dependents of John R. Davey, as a stepfather. It is undoubtedly true that these children, as stepchildren, have become the dependents of John R. Davey, within the meaning of the Compensation Act, in that, if he were to suffer injury in the course of his employment, resulting in his death, these children would be deemed his dependents, within the meaning of the Compensation Act. *Hoover v. Central Iowa F. Co.*, 188 Iowa 943. It does not follow, however, that their right to compensation already awarded is lost, unless there be some provision of the statute so providing. The appellant relies for such statutory provision upon Section 2477-m34 (a), Code Supplement, 1913, as amended by Section 18, Chapter 270, Acts of the Thirty-seventh General Assembly, as follows:

"Any payment required to be made under this act, which has not been commuted, may be reviewed by the industrial commissioner at the request of the employer or of the employee, and if on such review the commissioner finds the *condition* of the employee warrants such action, he may end, diminish or increase the compensation."

2. MASTER AND SERVANT: Workmen's Compensation Act: change of condition.

It relies, also, upon Section 2477-m16 (b), Code Supplement, 1913, as follows:

"Any reference to a *workman* who has been injured shall, where the workman is dead, include a reference to his dependents as herein defined."

Putting these two sections together, the appellant inserts in the first section quoted the word "dependents," in lieu of the word "employee," and reads the first quoted section in such changed form. The result reached by such process is ingenious, but incongruous. Taking the first quoted section

as it is in the statute, it permits the industrial commissioner to take account of the changed "condition" of the employee. Manifestly, the word "condition," as there used in the statute, has no reference to the *financial* condition of the employee, but to his *bodily* condition, and to the nature and extent and duration of the disability for which he is receiving compensation. Such bodily condition may change for the better or for the worse, and this would change the statutory classification of the disability, and would either entitle the employee to receive more or the employer to pay less, as the case might be.

By inserting the word "dependents" into the foregoing section, in lieu of the word "employee," the appellant seeks to get a new meaning out of such section. Reading the section with such substitution, he makes the word "condition" refer, not to the injured "employee," but to the "dependents" of the injured employee. Not only so, but he makes it refer to the *financial condition of the dependents;* and this notwithstanding that the quoted section of the statute as written never had any reference to the financial condition, either of an injured employee or of anyone else. Manifestly, the second quoted section cannot be applied in this manner to the one first quoted. The *condition* of the dependent cannot be substituted for the *condition* of the employee; nor can the first quoted section be applied at all to a case where death has resulted, for the simple reason that there can be no change in the condition of the employee after death.

There is no provision of the statute which contemplates any change in compensation awarded to dependents because of the death of the employee, except the one above quoted, wherein the remarriage of the widow is made a ground for canceling compensation, if there be no dependent children. Such condition is not met in this case. The question here considered has not heretofore been before us, but it is a question which has been passed upon many times in other jurisdictions. The decisions in such jurisdictions are uniformly adverse to the contention of the appellant. *Adleman v. Ocean Acc. & Guar. Corp.,* 130 Md. 572 (101 Atl. 529, 530) ; *Wangler B. & S. M. W. Co. v. Industrial Com.,* 287 Ill. 118 (122 N. E. 366, 368) ; *Hansen.v. Brann & Stewart Co.,* 90 N. J. L. 444 (103 Atl. 696, 697) ; *Pryce v. Penrikyber Nav. Col. Co.,* 1 K. B. (1902) 221 ;

*Newton v. Rhode Island Co.*, 42 R. I. 58 (105 Atl. 363, 3 W. C. L. J. 527); *Bott's Case*, 230 Mass. 152 (119 N. E. 755); *Estate of Beckwith v. Spooner*, 183 Mich. 323 (149 N. W. 971, 972); *Pedlow v. Swartz Elec. Co.*, 68 Ind. App. 400 (120 N. E. 603, 604); *Bloomington D. & C. R. Co. v. Industrial Board*, 276 Ill. 120 (114 N. E. 511, 513); *Letourneau v. Davidson*, 218 Mich. 334 (188 N. W. 462); Workmen's Compensation Acts (A Corpus Juris Treatise) 131.

We hold that Section 2477-m16 (b) is intended to apply to and to be descriptive of the *recipient* of the compensation, whether it be the injured employee or his dependents, if he be deceased; that it is not intended to change the basis of the award of compensation by substituting the condition of the dependent for the condition of the injured employee; that the condition of the injured employee is the original basis of the award and of its classification; that, upon the death of the employee as a result of his injuries, his condition becomes fixed and unchangeable, and its classification becomes a death claim, under the statute. Necessarily, the statutory liability continues until discharged by statutory exceptions. The order of the district court is, accordingly,—*Affirmed*.

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.