Nellie I. Kramer et al., Appellees, v. Tone Brothers et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Marriage and Waiver by Spouse—Effect on Minor Dependents. The right of dependents to compensation under the Workmen's Compensation Act accrues at the time of the death of the employee; and the subsequent marriage of the wife of the deceased employee and the formal relinquishment by her of all right to compensation do not have the effect of depriving the minor dependent children of the right to receive the balance of the unpaid compensation. This is true though the children at such subsequent time are *wards of the state.*

*Appeal from Polk District Court.*—Joseph E. Meyer, Judge.

September 20, 1924.

Rehearing Denied December 11, 1924.

This is a workmen's compensation case, involving the question of the rights to compensation of the widow and two dependent children of P. P. Kramer, deceased, on account of injuries received by said deceased and his resulting death. His dependents were entitled to compensation for 300 weeks, at $15 per week,—a total of $4,500. Defendants paid the compensation until the remarriage of the widow. Defendants claimed that all compensation should then cease. They have paid no compensation to the widow since her remarriage, nor to the dependent children. They claim that the remarriage of the widow abated

her right, and that these children were no longer dependents; that the law provides that full compensation should be paid to the widow; and that only in the event of her death would compensation be payable to dependent children, even though the rights of the widow may have terminated otherwise than by her death. There was a balance of something over $3,000. About a year after the remarriage, the widow was divorced. Thereupon the widow and children applied to the commissioner to direct that this balance should be paid either to the widow or the children. The widow claimed that the balance should go to her, while the children claimed that it belonged to them. On appeal to the district court, defendants' motion to dismiss was overruled, and the trial court held that the case was properly reopened by the commissioner under the provisions of Section 2477-m34 and Chapter 8-A, Supplement to the Code, 1913, and amendments thereto, and found that defendants should pay the balance of the compensation to the children, or the trustee for them, at the rate of $15 per week for two hundred and one-third weeks; that the widow, because of her remarriage and other conduct, was not entitled to the balance. Defendants appeal, and the widow has filed a cross-appeal.—*Affirmed on both appeals.*

*Ray J. Mills* and *Sampson & Dillon,* for appellants.

*Urbane L. Barrett* and *Chandler Woodbridge,* for appellees.

PRESTON, J.—A further statement of facts is necessary. It appears that, on and prior to August 16, 1919, deceased was in the employ of defendants Tone Bros., at weekly wages, and that on said date he was fatally injured by the explosion of a drum of ammonia, and death resulted the next day. Deceased left a wife, claimant, to whom he had been legally married for several years; also, two legally adopted children, appellees Kenneth and Melvin, who were six and eight years of age at the time of the injury to their father. They had been his legally adopted children for five and seven years, respectively. In June, 1919, the wife was committed to the hospital for the insane, at Clarinda, Iowa, where she was an inmate at the time of her husband's injury and death. She was discharged from the hospital in Octo-

ber, 1919. When Mrs. Kramer was committed to the hospital, the father took the two children to the Des Moines Children's Home, where he supported them until his death, paying for the board and room for each child. After his death, the juvenile officers took charge of the children until the mother was discharged from the hospital, and then they were given into her custody. They lived with her and were supported by her until they were sent to the soldiers' orphans' home, at Davenport, by the juvenile court, March 31, 1920, since which time the children have been wards of the state, supported and controlled at said home.

It is conceded by defendants, appellants, that, under the circumstances, they were liable for compensation; and on May 17, 1920, the memorandum of agreement was signed by the widow and the employer, which agreement was approved by the commissioner on June 1, 1920. By this agreement defendants agreed to pay the widow the sum of $4,500, being $15 per week for the period of 300 weeks. The total amount paid to her under this agreement was $1,495.

In June, 1921, the widow married one Flemmig. She made no further demand for compensation after her marriage to Flemmig while she was living with him. On February 20, 1922, the claimant Nellie Kramer Flemmig voluntarily signed final release, acknowledging full payment of all compensation due her, which was filed, with a statement of her remarriage, with the industrial commissioner, a few days thereafter. The trial court found that, by reason of her remarriage and her foregoing acts, she had forfeited further right to compensation by reason of her being the surviving spouse of the deceased and mother of the minors; also found that the two minors were, at the death of deceased, legally adopted by deceased and his wife, and conclusively presumed to be dependent upon deceased, and therefore entitled to the remaining compensation unpaid after the marriage of the widow. In February, 1922, defendant insurance company wrote the commissioner that they were advised that the children were committed to the orphans' home before the death of Mr. Kramer, and were in the home at the time of his death. In September, 1922, the widow, through her attorneys, communi-

cated with the commissioner with reference to the payment of compensation, and was advised by the commissioner, on September 22, 1922, by letter, as follows:

"According to the settlement agreement the widow was to have received $15.00 per week for three hundred weeks and funeral and medical expenses. At the time of her remarriage she had been paid $1,495.00 and a final release was obtained on that basis. The insurance company advised that there were two minor children adopted by deceased and his wife, but that prior to the death the children were returned to the Davenport Orphans' Home by order of the Juvenile Court. That being the stiuation it was not assumed that there were dependent minors surviving the deceased and the department has considered the file closed. The above is the situation as we have it."

Thereafter, and in December, 1922, the widow and children, dependents, filed a petition with the commissioner, asking an order requiring defendants to pay the balance of the compensation due, and agreed upon in the settlement of May, 1920, and that it be determined to whom the payments should be made. The industrial commissioner denied recovery to all claimants, and the appeal followed, with the result as stated.

1. Other questions are argued. Defendants, appellants, erroneously we think, assume that the application of the widow and children to reopen was for an increase of compensation under Section 2477-m34. It was not an application for increase at all. There may have been some other remedy open to them, but the application was simply to require the employer and the insurance company to pay the full compensation fixed by statute and the agreement of settlement. Strictly, it may be that it is not a reopening at all, but an application, under the general provisions of the act, for an order where the parties disagree as to the payment of compensation. The employer was insisting that no compensation should be paid after the remarriage of the widow; while the widow and children were insisting that the balance should be paid, either to the widow or the children. The commissioner assumed that there were no dependent minor children surviving deceased, and treated the case as closed; although the employer, in its report of the injury to

deceased, filed with the commissioner, stated that deceased had two children. It is argued, too, that the children were not the dependents of the widow or surviving spouse, because, after the death of the father, they were committed to the orphans' home. The question, however, is whether the children were the dependents of deceased at the time of his death. Under the record, there is no doubt that they were such. It is thought that they were not dependent at the time of the remarriage of the widow. We think it is not material what the status of the children became after the death of the deceased. *Davey v. Norwood-White Coal Co.*, 195 Iowa 459; *Employers' Mut. Ins. Co. v. Industrial Com.*, 70 Colo. 228 (199 Pac. 483).

We think the principal questions in the case are whether defendants, employers, are liable for the full amount of the compensation to someone, or whether they are entirely released by the payment of $1,495; and whether, if liable for the full amount, they should pay the balance to the widow or to the children.

The statutes provide that:

"If death results from the injury, the employer shall pay the dependents of the employee wholly dependent upon his earnings for support at the time of the injury, a weekly payment * * *" Section 2477-m9 (d), Code Supplement, 1913.

"The following shall be conclusively presumed to be wholly dependent upon a deceased employee: * * * (2) A child or children under sixteen years of age * * * whether actually dependent for support or not upon the parent at the time of his or her death." Section 2477-m16 (c), Code Supplement, 1913.

"Adopted child or children or stepchild or children shall be regarded in this act the same as if issue of the body." Section 2477-m16 (c) (7), Code Supplement, 1913.

If there is a surviving spouse, the full compensation shall be paid to her. Section 2477-m16 (c) (4), Code Supplement, 1913.

Under these statutes and the circumstances of the case, the children were entitled to compensation; but payment to them is deferred as long as there is a surviving spouse. The widow could not deprive these dependents of their rights. The statutory liability continues until discharged by statutory exceptions.

Though the widow should be defeated, the full amount would still be due the dependent children. *Davey v. Norwood-White Coal Co.,* supra. The payment of the full amount would continue for about six years after the death of deceased, when they would both still be under sixteen years of age. *In re Summers* (Ind.), 137 N. E. 291. And we think this is so even though their right to receive the compensation is deferred for a time by being paid to the surviving spouse. While, strictly speaking, neither the children nor the widow may have had a vested right in the compensation, still the basis of the award of compensation and its classification and the status of the parties became fixed at the death of the employee. Thereafter, it becomes a question to whom the compensation shall be paid. We are unable to see how the defendants, appellants, can justly claim that the full compensation provided by statute and the settlement agreement of the parties of $4,500 can be paid in full by the payment of $1,495. They still owe the balance to someone, either the children or the widow. This being so, it is not very material to the defendants to whom it shall be paid. It is one of their contentions that it should not be paid to the widow.

Turning now to the claim of the widow. The statute further provides (Section 2477-m16 (c) (1), as amended by Chapter 270, Acts of the Thirty-seventh General Assembly, Section 11):

"And should the deceased employee leave no dependent children, and should the surviving spouse remarry, then all compensation payable to her shall terminate on the date of such remarriage."

Section 2477-m16 (c) (4) provides:

"If the deceased employee leaves dependent surviving spouse, the full compensation shall be paid to such spouse; but if the dependent surviving spouse dies before payment is made in full, the balance remaining shall be paid to the person or persons wholly dependent, if any, share and share alike."

In the instant case, the deceased did leave dependent children and a widow. The statute does not read that compensation to her shall cease on her remarriage if there are dependent children; and the question is whether her remarriage, under the

circumstances in this case, terminates her right to compensation. This proposition has given us some trouble. We are not prepared to say—neither is it necessary to determine in this case— that the marriage of the widow alone terminated her compensation, because there is more in the case than her remarriage. We think the trial court properly held that her conduct in releasing the company from further payment of compensation to her, as shown, terminated the right to compensation, so. far as she is concerned. This being so, the balance of the $4,500 fixed by the statute and the agreement of settlement, due from the employer, would necessarily go to the dependent children. The amount of $4,500 was due from the defendants unless and until discharged by some statutory exception. We said in the *Davey* case that necessarily the statutory liability continues until discharged by statutory exceptions. Although the widow has waived or forfeited further compensation to her, there has been no discharge by any statutory exception, and the liability continues as to the other dependents, the children. The trial court so held, and we think correctly.

The judgment is, therefore, affirmed on both appeals.— *Affirmed.*

Arthur, C. J., and Evans and Faville, JJ., concur.