## JACKSON HILL COAL AND COKE COMPANY v. GREGSON.

[No. 12,525.    Filed February 4, 1926.]

1.  MASTER AND SERVANT.—*Marriage of dependent sister of deceased employee does not terminate her dependency under Workmen's Compensation Act.*—The marriage of a dependent sister of a deceased employee does not terminate her dependency under the Workmen's Compensation Act so as to authorize the Industrial Board to make an order accordingly.    p. 172.

2.  MASTER AND SERVANT.—*Expression "change in conditions" in §45 of the Workmen's Compensation Act refers to physical condition of injured employee.*—The expression "change in conditions" in §45 of the Workmen's Compensation Act (§9490 Burns 1926), authorizing the Industrial Board to change an award because of changed conditions, has reference to the physical condition of the injured employee, and not to a change in the financial condition of a dependent.    p. 172.

From Industrial Board of Indiana.

Hattie Gregson and others were held to be dependents under the Workmen's Compensation Act of William Gregson, an employee of the Jackson Hill Coal and Coke Company.    An award was made in favor of said dependents.    The employer filed a petition asking the board to order a termination of the payments to Hattie Gregson because of her marriage.    From an order denying the petition, the employer appeals.    *Affirmed.*    By the court in banc.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellant.

REMY, J.—On September 1, 1923, William Gregson died as the result of an accident which arose out of and in the course of his employment by appellant.    There-

after appellee Hattie Gregson, a sister of deceased, and five of her brothers and sisters were by the Industrial Board adjudged to have been partial dependents of William Gregson at the time of his death, and as such dependents each was awarded compensation. On September 27, 1924, Hattie was married. August 17, 1925, on appellant's petition for an order to terminate the dependency of the sister because of her marriage, the board found the facts as above stated, but denied the requested order.

This appeal involves but one question: Does the subsequent marriage of a partially dependent sister of a deceased employee determine her right to compensation, and authorize the Industrial Board to make an order accordingly?

Section 37 of the Indiana Workmen's Compensation Act (Acts 1919 p. 158) makes provision for the payment of compensation when the injury to an employee results in death, and among other things provides: "If the employe leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation to those dependents shall be in the same proportion to the weekly compensation for persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury."

Besides certain specific provisions as to persons who shall be conclusively presumed to be wholly dependent for support upon the deceased employee, §38 of the act (Acts 1919 p. 158) provides: "In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and the question of partial dependency shall be determined in like manner as of date of the injury. * * * The dependency of a widow, widow-

er or child shall terminate with his or her marriage subsequent to the death of the employe. The dependency of a child, except a child physically or mentally incapacitated from earning, shall terminate with the attainment of eighteen years of age."

Section 45 of the act (Acts 1919 p. 158) provides: "The power and jurisdiction of the Industrial Board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments, previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act."

From an examination of the provisions of §§37 and 38, *supra,* it will be seen that "the dependency of a widow, widower or child terminates upon his or her marriage subsequent to the death of the employee," but that no provision whatever is made for the termination of the dependency of a sister in the event of her subsequent marriage. It is argued by appellant that even though the statute does not contain such provision, the marriage of a partially dependent sister, after an award has been made in her favor, necessarily changes her status and terminates her dependency, and that, upon petition for review, under §45, *supra,* because of changed conditions, it will be the duty of the Industrial Board to make an order terminating the dependency. We do not concur in that view. The expression "change in conditions," as used in the section, has reference to the physical condition of the injured employee. It has no reference to such change of conditions as may affect the financial needs of one found to be a dependent at the time the award was made. It may be as suggested by appellant that a sister, found

to be a dependent at the time of her brother's death, is not actually dependent following her subsequent marriage, and that it would be inconsistent to continue payments of compensation to her when, under the statute, the marriage of a dependent widow is made a bar to further compensation payments; but that is a matter for the legislature. The meaning of the statute is not in doubt, and we are not authorized to read into it a provision not placed there by the lawmakers.

It follows, that the Industrial Board did not err in overruling appellant's petition for an order to terminate the dependency of appellee Hattie Gregson.

The question presented by this appeal, though new in this jurisdiction, has many times been decided by other courts. Some of the judicial authorities which support the conclusion we have reached are: *Adleman* v. *Ocean Accident, etc., Corp.* (1917), 130 Md. 572, 101 Atl. 529, Ann. Cas. 1918B 730; *Davey* v. *Norwood-White Coal Co.* (1923), 195 Iowa 459, 192 N. W. 304; *Bott's Case* (1918), 230 Mass. 152, 119 N. E. 755; *Newton* v. *Rhode Island Co.* (1919), 42 R. I. 58, 105 Atl. 363; *Wangler Boiler Co.* v. *Industrial Comm.* (1919), 287 Ill. 118, 122 N. E. 366.

Affirmed.