THE STUDEBAKER CORPORATION *v.* ANDERSON ET AL.

[No. 14,735. Filed December 7, 1932. Rehearing denied March 17, 1933.]

*Ralph B. Gregg,* for appellant.

*C. W. Benshoof* and *Merl M. Wall,* for appellees.

BRIDWELL, J.—On the 14th day of April, 1930, one George C. Caldwell while serving as an employee of appellant received a personal injury by reason of an accident arising out of and in the course of his employment, resulting in his death on said day. He left surviving, and wholly dependent upon him for support at the time of his death, his widow, Alta C. Caldwell, and an infant son born March 13, 1928, the appellee, Robert Curtis Caldwell Anderson. On April 24, 1930, an agreement in regard to compensation under the provisions of The Indiana Workmen's Compensation Act of 1929, was reached by appellant and said dependents, wherein appellant agreed to pay compensation at the rate of $16.50 per week for a period of 300 weeks, or a total of $4,950. This agreement was filed with and approved by the Industrial Board of Indiana, on the 30th day of April, 1930.

The widow and child thereafter moved to California where the widow died, while residing in said state, on August 11, 1930. Letters of administration on her estate were issued to Kitty J. Lord, in said state of California, and as such administratrix she is made one of the appellees herein. The child, Robert Curtis Caldwell, was adopted by Alice May Anderson and Arthur C. Anderson, husband and wife, on the 24th day of February, 1931, in the state of California, and on March 6, 1931, Alice May Anderson was appointed guardian of said minor child. Appellant paid to the widow, and then to the guar-

dian, all compensation due and payable under the award agreed to and approved, up to the 24th day of February, 1931, the date of the adoption of said Robert Curtis Caldwell by the Andersons, and then refused to pay further compensation and filed its application to review the award because of a change of conditions.

Upon a hearing before the full board of the appellant's application for review, the foregoing facts were stipulated as true and no controversy exists as to the facts.

The full board found the facts to be as stipulated by the parties, and made an award ordering the appellant to resume the payment of compensation to Robert Curtis Caldwell Anderson under the terms of the compensation agreement approved by the Industrial Board of Indiana on April 30th, 1930, at the rate of $16.50 per week, beginning on February 24th, 1931, and to continue said payments during the period of dependency of the said Robert Curtis Caldwell Anderson, not exceeding, however, the period of 300 weeks beginning April 14th, 1930, and not exceeding the amount provided by law.

From this award appellant appeals, assigning as error that the award is contrary to law.

Appellee, Kitty J. Lord, administratrix of the deceased widow's estate, makes no contention that she is entitled to receive any part of the unpaid compensation awarded.

Appellant's contention is that on the adoption of Robert Curtis Caldwell by the said Andersons, his status as a child and dependent of the deceased employee, George C. Caldwell, ceased, and that liability for payment of compensation under the original agreement and award terminated as of the date of adoption. We can not agree with this contention.

Sec. 37 of the Workmen's Compensation Act provides that: "When death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average

weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death."

On the question of termination of dependency section 38 of the act provides as follows: (a) "The dependency of a widow, widower or child, shall terminate with his or her marriage subsequent to the death of the employee." (b) "The dependency of a child, except a child physically or mentally incapacitated from earning, shall terminate with the attainment of eighteen years of age."

Under the terms of the statute, and of necessity without regard to the statute, the question of dependency, except as to the posthumous children, must be determined as of the time of the death of the employee.

When total dependency is established under an application for adjustment of claim for compensation, or, as here, by agreement made, and filed with and approved by the Industrial Board, the liability of the employer as to the amount payable becomes fixed and certain, and such liability can not be lessened, or changed by subsequent happenings, except in such instances as may be provided for by the act under which the proceeding is instituted. Where there are two or more wholly dependent the death of one before the termination of the maximum compensation period does not relieve the employer from the payment of the full amount of death benefits awarded if any one of such dependents survive until such period is ended. The total death benefit ascertained is the measure of the employer's liability. In the case of *Smith, Gdn.* v. *State Highway Commission* (1922), 78 Ind. App. 301, 134 N. E. 225, 226, this court, in speaking of persons wholly dependent, said: "The evident intent is that the full amount of the death

benefit shall be paid to the end of the maximum compensation period, if any one of that class remains alive, unless the dependency of all the members of the class be sooner terminated *in the manner provided by the statute."* See also, *In re Summers* (1922), 79 Ind. App. 108, 137 N. E. 291; *Eureka Block Coal Co.* v. *Wells* (1925), 83 Ind. App. 181, 147 N. E. 811.

When compensation is once properly awarded, the right of the dependent to whom it was awarded to receive such compensation, continues throughout the period of time provided by the award if he so long survive, unless such right is terminated by the occurrence of some event which the law that creates the right provides shall terminate it. *Employer's Mut. Ins. Co.* v. *Industrial Commission of Colorado* (1921), 70 Colo. 228, 199 Pac. 483; *Kramer* v. *Tone Bros.* (1924), 198 Iowa 1140, 199 N. W. 985; *Adleman* v. *Ocean Accident & Guarantee Corp.* (1917), 130 Md. 572, 101 Atl. 529, Ann. Cas. 1918B 730; *Davey* v. *Norwood-White Coal Co.* (1923), 195 Iowa 459, 192 N. W. 304; *Wangler Boiler & Sheet Metal Works Co.* v. *Industrial Commission* 1919), 287 Ill. 118, 122 N. E. 366; *Hansen* v. *Brann & Stewart Co.* (1917), 90 N. J. L. 444, 103 Atl. 696; *Bott's Case* (1918), 230 Mass. 152, 119 N. E. 755.

There is no provision in the Workmen's Compensation Act of this state terminating compensation to a child who has been adopted subsequent to the making of an award in its favor. We are of the opinion that if the Legislature, while dealing with the subject of abatement of compensation, had intended that compensation provided for a dependent child abate upon its adoption, it would have so declared.

The award is affirmed, and as to the unpaid balance increased 5% as required by statute.