[No. 29147. Department Two. January 28, 1944.]

WILLIAM F. HALE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*Lycette, Diamond & Sylvester* and *Herman Howe,* for respondent.

MILLARD, J.—Charles David McCann died as the result of an injury while engaged in extrahazardous employment. His widow and the minor child of herself and Charles D. McCann were awarded under Rem. Supp. 1941, § 7679 [P. C. § 3472], monthly compensation, which was to cease in the case of the widow immediately upon her remarriage and in the case of the child the monthly payment was to cease upon the arrival of that child at the age of sixteen years.

The surviving widow died nine months after the department had awarded the monthly allowance to her and her minor child, whereupon William F. Hale was appointed guardian of that child. A few months later, William F. Hale and his wife adopted the child. On the ground that the child, by virtue of her adoption by William F. Hale and

[1]Reported in 145 P. (2d) 285.

wife, had ceased to be the child of Charles D. McCann, deceased, and her right to compensation ceased as of the date of the adoption, the monthly compensation payable to the child was terminated by the department. On behalf of the child, her adoptive father appealed from the order of the joint board of the department to the superior court for Lewis county, which held that the child was entitled to the monthly compensation in accordance with the provision of Rem. Supp. 1941, § 7679, subd. (a) (4), reading as follows, and entered judgment remanding the cause to the department with direction to allow compensation in the amount and for the period prescribed by the statute:

"In the event a surviving spouse receiving monthly payments shall die, leaving a child . . . under the age of sixteen years, such child . . . shall receive . . . twenty-five dollars ($25.00) per month until arriving at the age of sixteen years, . . ."

The department appealed.

■ Does the adoption of a minor child, both of whose parents are dead, and who is receiving compensation from the department of labor and industries under the provisions of Rem. Supp. 1941, § 7679 (a) (4), terminate the right of that child to receive such compensation? That is the sole question presented by this appeal.

Counsel for appellant argue that, as the legislature did not include in the definition of "child" a child adopted subsequent to the injury, by reason of which the surviving spouse and child received monthly payments, and subsequent to the death of the "surviving spouse receiving monthly payments," under the statute, the child's rights to compensation ceased at the time of her adoption; otherwise, the legislature would have provided that the word "child" as used in the workmen's compensation statute included a child legally adopted subsequent to the injury and subsequent to the death of the surviving spouse receiving monthly payments. The pertinent portion of Rem. Rev. Stat. (Sup.), § 7675, invoked by counsel for appellant, reads as follows:

"The word 'child' as used in this act, includes a posthumous child, a step-child, a child legally adopted prior to the injury and an illegitimate child legitimated prior to the injury."

The above-quoted language of Rem. Rev. Stat. (Sup.), § 7675, merely enlarges the class entitled to receive compensation as children of the deceased workman. In order that there might be no question as to the right of a child born after the death of its parent to compensation, that an adoptive child be accorded the same right from its adoptive parents as if it were their natural child, that an illegitimate child be granted that right which otherwise it would be denied although it was the natural child of the injured workman, and that a stepchild toward whom the father stood in *loco parentis* might be given every right and benefit as a natural child, the legislature included them within the class of children. Had the legislature intended to make the act restrictive and deny to a child the right to compensation which accrued under the workmen's compensation act at the time of the death of the parent, it would have so provided.

Having been awarded compensation the minor child is entitled to receive it throughout the period fixed by the statute if she so long survive, and it can only be sooner terminated upon the happening of an event for which termination is provided by the statute. See *Kramer v. Tone Bros.*, 198 Iowa 1140, 199 N. W. 985; *Studebaker Corp. v. Anderson*, 96 Ind. App. 215, 183 N. E. 408. In the second case cited, it was held that, by the adoption of a dependent child of a deceased employee, the status of that minor as a child and dependent of the deceased employee did not terminate the child's dependency so as to end compensation to it, for the reason that the dependent having been awarded compensation was entitled to receive it throughout the period fixed by the award if he so long survived and it could only be sooner terminated upon the happening of an event for which termination was provided by the statute.

To hold that the child's right to compensation ceased at

the time of her adoption would be to write into the statute a provision that the legislature did not make and a provision which neither the department nor this court has the right to make.

We are committed to the rule that by adoption there is no dissolution of the natural relationship of kindred and that an adopted child will not be deprived of the benefits arising from such natural relationship. See *In re Roderick's Estate*, 158 Wash. 377, 291 Pac. 325, 80 A. L. R. 1398, and *In re Egley's Estate*, 16 Wn (2d) 681, 134 P. (2d) 943.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, GRADY, and MALLERY, JJ., concur.