## WILLAN v. SPRING HILL COAL CORPORATION

[No. 17,746. Filed May 3, 1948. Rehearing denied June 3, 1948. Transfer denied September 28, 1948.]

*Thomas V. Gallagher* and *James F. Gallagher*, both of Sullivan, attorneys for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor, J. Olias Vanier, John T. Hays, C. B. Dutton, Jr.,* all of Sullivan, attorneys for appellee.

DRAPER, C. J.—In 1927, the appellant Mary Willan was married to John Willan. In 1938, she left him and thereafter lived in another town with Calvin Wilson, an unmarried man, until the time of the latter's death in 1947. They slept in the same bed and appeared and held themselves out in public as husband and wife. He provided her with a home and all necessaries of life and she kept his house. After leaving Willan she lost track of him. He is still living, however, and testified in this case. Neither he nor she ever sought or procured a divorce. She received no support or assistance from Willan after they separated, but was entirely dependent upon Wilson for support.

On April 30, 1947, Wilson was injured and died under circumstances obligating his employer, the appellee, to pay compensation. He left no dependents other than the appellant, and she was denied compensation by the full board.

The sole question presented is whether she is entitled to compensation as a dependent. The answer is to be found in Acts 1947, ch. 162, §§ 7 to 9 (Burns' 1947 Supp., §§ 40-1403 to 40-1403b).

Dependents are classified by § 40-1403 as (1) presumptive dependents, (2) total dependents in fact, and (3) partial dependents in fact.

Under § 40-1403a(a) the class known as presumptive dependents, conclusively presumed to be wholly dependent upon the deceased employee for support, embraces:

> "A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. The term 'wife' as used in this subsection shall exclude a common law wife unless such common law relationship shall have existed

openly and notoriously for a period of not less than five years immediately preceding the death."

Section 40-1403b provides that: "Total or partial dependents in fact shall include only those persons related to the deceased employee by blood or by marriage. . . . Any such person who is actually totally or partially dependent upon the deceased employee is entitled to compensation as such dependent in fact. . . ."

The rights of the appellant, who was obviously wholly dependent in fact upon the deceased workman, must derive from the statute itself. She is entitled to compensation, if at all, either as the "wife" of the deceased, or as a total dependent in fact.

She was not and could not be the "wife" of the deceased, regardless of the manner in which and time during which she had openly and notoriously lived with him as such, for all during that time she had a living husband. Burns' 1940 Replacement, § 44-104; 38 C. J., Marrriage, § 45, p. 1294; *Compton* v. *Benham* (1909), 44 Ind. App. 51, 85 N. E. 365; *Meehan* v. *Edward Valve, etc., Co.* (1917), 65 Ind. App. 342, 117 N. E. 265.

She is not entitled to compensation as a total dependent in fact, for she was not related to the deceased workman by blood or by marriage.

The award must be, and is affirmed.

NOTE.—Reported in 78 N. E. 2d 880.