SAM WINER & COMPANY *v.* FREEMAN E. SPELTS AND MARY LOU SPELTS.

[No. 2-1275A370. Filed June 17, 1976. Rehearing denied July 20, 1976. Transfer denied February 2, 1977.]

*Philip E. Byron, Jr., Robert T. Sanders, III, Byron & Daniels,* of Elkhart, for appellant.

*Robert D. Lee,* of South Bend, for appellees.

SULLIVAN, J.—Appellant Sam Winer & Company (Winer) is appealing an award of the Industrial Board which granted

dependents' benefits to Freeman E. and Mary Lou Spelts. The award is based upon the death of Lester Leroy Spelts, their son.

The sole issue before us depends upon the application or inapplication of Ind. Ann. Stat. 22-3-3-20 (Burns Code Ed. 1974):

> "Dependency in fact — Marriage as termination of dependency—No reinstatement by divorce.—Total or partial dependents in fact shall include only those persons related to the deceased employee by blood or by marriage, except an unmarried child under the age of eighteen [18] years. Any such person who is actually totally or partially dependent upon the deceased employee is entitled to compensation as such dependent in fact. *The right to compensation of any person totally or partially dependent in fact shall be terminated by the marriage of such dependent subsequent to the death of the employee and such dependency shall not be reinstated by divorce."* (Emphasis supplied).

The facts of the case are not in dispute. Freeman and Mary Lou were first married to one another in 1953, and subsequently had three children, one of whom was Lester Leroy Spelts (Lester). The Spelts were divorced in 1958. Shortly afterward, two of the children were placed for adoption and Lester was sent to Virginia to live with Mary Lou's aunt and uncle. Both Freeman and Mary Lou remarried to third parties. In 1972, Lester returned to Indiana and lived with Mary Lou and her second husband for about a year, working and paying room and board to them. In 1973, Lester went to live with Freeman and his then wife, again working and paying room and board. At this time neither Freeman nor Mary Lou were happy with their current marriages so in the fall of 1973, with Lester's encouragement, they left their respective spouses and went together with Lester to Virginia. While in Virginia both Freeman and Lester worked and contributed to the support of the household. The three of them returned to Indiana in March 1974, and again set up housekeeping. Freeman, plagued by a chronic eye disease, was unable to find work, and collected unemployment. Lester obtained em-

ployment with Winer. Freeman and Lester pooled their income, while Mary Lou, who was not working, managed the money and maintained the household. On July 25, 1974, Lester was killed in an accident arising out of and in the course of his employment with Winer. Freeman, who had been divorced by his second wife in May 1974 was unmarried at the time. Mary Lou's second marriage ended in divorce in August of 1974, and Freeman and Mary Lou were remarried to each other on March 12, 1975.

Freeman and Mary Lou applied to the Industrial Board for dependents' benefits pursuant to Ind. Ann. Stat. 22-3-3-20 (Burns Code Ed. 1974). The Board found that they were in fact partial dependents of Lester and ordered Winer to pay compensation benefits of $42.16 per week for 500 weeks.

Winer concedes that at the time of Lester's death Freeman and Mary Lou were partial dependents and thus entitled to benefits. It argues, however, that their remarriage subsequent to Lester's death terminated their right to compensation under 22-3-3-20, *supra*. The Industrial Board understandably rejected this contention, ruling that the facts of this particular case removed it from the scope of the statute:

> "Such contention is without merit and it is ruled Section 38b [22-3-3-20] does not apply in this case where the partial dependents are the natural mother and natural father of the decedent who, subsequent to the decedent's death, remarried each other although at the time of death the natural mother and father were not married to each other but in fact were living with each other and with decedent."

Winer now argues that the Board erred in this ruling, since the statute is unambiguous and must be applied here. The Spelts agree that a literal construction of 22-3-3-20, *supra,* would result in a termination of their benefits, but urge that the peculiar facts of this case "coupled with the humane intention of the Act" call for a liberal construction of that section.

We agree fully that the Workmen's Compensation Act should be construed liberally in favor of the employee to

effectuate the humane purposes of the Act, *Frampton* v. *Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425; *Motor Dispatch, Inc.* v. *Snodgrass* (1973), 157 Ind. App. 591, 301 N.E.2d 251. But we are not free to construe a statute which is unambiguous. *State ex rel. Mental Health Commissioner* v. *Estate of Lotts* (1975), 165 Ind. App. 347, 332 N.E.2d 234, 238; *Economy Oil Corp.* v. *Indiana Dept. of Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215; *Fogle* v. *Pullman Standard Car Mfg. Co.* (1961), 133 Ind. App. 95, 173 N.E.2d 668, As this court said in *J. W. Jackson Realty Co.* v. *Herzberger* (1942) 111 Ind. App. 432, 40 N.E.2d 379:

> "The rule concerning liberal construction, in favor of the appellee, of the compensation law has no application in a case where there is no room for construction. Under the rule of liberal construction in favor of the employee to carry out the humane purposes of the Act, the Industrial Board and this court are not entitled to distort the law so that compensation will be granted in violation of specific statutory provisions." 111 Ind. App. at 437, 40 N.E.2d at 380-81.

Under 22-3-3-20, *supra*, dependency is determined at the date of death of the employee. *Studebaker Corp.* v. *Anderson* (1932), 96 Ind. App. 215, 183 N.E. 408. Once the right to dependent's benefits is established, payments are thereafter terminated if certain conditions enumerated in the statute occur. *Studebaker Corp.* v. *Anderson, supra*. Those conditions (e.g., marriage) are absolute. There is no provision in the statute for a re-determination of actual dependency.

Application of the unambiguous mandates of 22-3-3-20 and its companion section for presumptive dependents, Ind. Ann. Stat. 22-3-3-19 (Burns Code Ed. 1974), have led to whimsical and unjust results in the past. In *Studebaker Corp* v. *Anderson, supra*, benefits to a dependent son continued even after his adoption by a family able to care for him. In *Willan* v. *Spring Hill Coal Corp.* (1948), 118 Ind. App. 422, 78 N.E.2d 880, benefits were denied to a woman who had lived with the

deceased employee as his wife and been totally dependent upon him for nine years, but who, because she had a living husband elsewhere, could not therefore be considered a common law wife of the decedent. In *Deremiah* v. *Powers-Thompson Construction Co.* (1955), 125 Ind. App. 662, 129 N.E. 2d 425, a married couple were divorced but continued to live together. Subsequent to the "husband's" death in an employment-related accident, the "widow" had the divorce set aside as fraudulent. She was nonetheless denied compensation benefits because the divorce was in full force and effect until it was set aside, and she was therefore unmarried at the time of the employee's death.

Under the Act as originally written, marriage terminated dependency benefits only if the dependent who married was the widow, widower, or child of the decedent. Acts 1929, ch. 172, § 38. Under that statute, it was held that a partially dependent sister of the decedent who married subsequent to his death was entitled to continue to receive benefits. *Jackson Hill Coal & Coke Co.* v. *Gregson* (1926), 84 Ind. App. 170, 150 N.E. 398. While the court there felt that it was somewhat inconsistent to terminate benefits of a widow but not of a sister, it found that "[t]he meaning of the statute is not in doubt, and we are not authorized to read into it a provision not placed there by the lawmakers." 84 Ind. App. at 173, 150 N.E. at 399. In 1947, the Act was amended to its current language that the right to benefits of "*any* person" who marries subsequent to the death of the employee "shall be terminated". 22-3-3-20, *supra* (emphasis supplied). In curing one ill, the 1947 General Assembly created the disease which is presented in the instant case.

To conclude that the Spelts' dependency status terminated upon their remarriage is harsh, unrealistic, and absurd. Yet the result we are compelled to reach is to the same effect. The statute's mandate that any person be cut off from benefits upon remarriage is clear and unambiguous, and affords us no latitude to construe it other-

wise. Although the legislature may not have intended such a result if it had foreseen the peculiar circumstances of this case, other hardships and windfalls occasioned by the application of this provision have not moved the legislature to abolish the blanket conclusive presumptions which the statute contains. The posture of this case and the arguments presented to us do not allow us to explore the constitutionality or legality of the conclusive presumption contained in this statute that dependency terminates upon remarriage (*see, Stanley* v. *Illinois* (1972), 405 U. S. 645; *Cleveland Bd. of Ed.* v. *LaFluer* (1974), 414 U. S. 632). Not without hope that the General Assembly will give immediate attention to the inequities here demonstrated, we must reluctantly hold that the Spelts' right to dependency benefits ended upon their remarriage on March 12, 1975.

The award is reversed and the cause remanded for entry of a new award terminating dependency benefits as of the date of remarriage of Freeman and Mary Lou Spelts.

Buchanan, P.J., concurs; White, J., dissents.

NOTE.—Reported at 348 N.E.2d 670.