## DÉSIRÉ DAZY *vs*. THE APPONAUG CO.

### JANUARY 2, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, J.J.

*(1)  Workmen's Compensation Act.*

Where it appeared that deceased was a minor son living at home with his father and mother; that all three worked in a mill, the father earning about $11.50 a week, and the mother and son about $8 each; that the father owned the house they lived in, which had a rental value of $10 a month; that the father and mother owned two other houses, each of which rented for $7 a month, and which were mortgaged for $500, the interest being $30 a year; that the son gave his pay to his parents, in return for which they gave him about $1 in money, in addition to board, lodging and clothing, the father receiving from this arrangement a net profit of about $5 a week, and that at the time of the injury their united savings were from $10 to $12 a week; that since the death of the son the mother ceased to work, but the father continued and had been able to support himself and wife out of his wages and income and save about $3 or $4 a week, upon these facts the father was not dependent for support upon the earnings of the son, either wholly or partly.

The test of dependency is not whether the petitioner by reducing his expenses below a standard suitable to his condition in life could secure a subsistence for his family without the contributions of the deceased, but whether such contributions were needed to provide the family with the ordinary necessaries of life suitable for persons in their class and position.

PETITION UNDER WORKMEN'S COMPENSATION ACT. Heard on appeal from decree of Superior Court and decree affirmed.

VINCENT, J. This is a petition under the Workmen's Compensation Act brought in the Superior Court for the County of Kent to recover compensation for the death of the petitioner's minor son through injuries received in the course of his employment by the respondent corporation.

The petitioner claims, in and by his petition, that at the time of the injury, both he and his wife were wholly dependent for their support upon the earnings of the son.

The respondent admits that the death of the son resulted from the injury, but claims that at the time of the injury, the petitioner was not dependent, within the meaning of the compensation act, and, therefore, that the respondent is only liable for the reasonable expenses incurred in the last sickness and for the burial of the son not exceeding $200.

The case was heard by the Superior Court, which filed its decision in writing to the effect that the petitioner was not a dependent upon the son, either wholly or in part, and that the respondent should pay to the petitioner the sum of $200, covering the expenses of the last illness and funeral. Subsequent to this decision by the Superior Court the following decree was entered:

"1. That the deceased son lived at home with his father and mother and gave his pay to them, about eight dollars per week, receiving from them one dollar a week as spending money, in addition to his board, lodging and clothes;

"2. That at the time of the injury the father was working in the respondent's mill and was receiving about eleven and

one-half dollars per week, and the mother was also working and receiving about eight dollars per week as wages;

"3.    That the father owned the house in which the family lived, which would rent for ten dollars a month, and he and his wife owned two other houses, which rented for seven dollars a month each, and had a mortgage on them for five hundred dollars, with interest amounting to thirty dollars per year;

"4.    That the father, at the time of his son's injury, was receiving from the son's wages, a net profit of not more than five dollars a week and the family savings were then from ten to twelve dollars per week;

"5.    That after the death of the son, the mother ceased to work for wages, but the father continued to work in the respondent's mill and has been able to support his wife and himself out of his wages and other income and save three or four dollars per week;

"6.    That, as a conclusion of fact from the foregoing facts, the said Jean Baptiste Dazy left no person, either wholly or partly dependent upon his earnings for support at the time of his injury, and that therefore the case comes under Section 9 of Article II of the Workmen's Compensasation Act;

"7.    That the reasonable expenses of the last sickness and burial of the deceased exceeded two hundred dollars, the limit of liability under the aforesaid Section."

From this decree of the Superior Court the petitioner took an appeal to this court stating his reasons as follows:

"I said decree is to the effect that Jean Baptiste Dazy, the deceased, left no person either wholly or partly dependent upon his earnings for support at the time of his injury.

"II said decree says that this case comes under Section 9 of Article II of the Workmen's Compensation Act.

"III by said decree, the respondent is held not liable to pay compensation under said Workmen's Compensation Act except as specifically provided in said Section 9 of Article II.

"IV said decree orders that neither party to this petition recover costs of the other."

The question presented for consideration is whether or not under the circumstances of the case the petitioner was a dependent in the contemplation of the Workmen's Compensation Act.

(1)        To determine the question of the entire or partial dependency of the father upon the minor son it is necessary to consider the facts as they existed at the time of the injury. In the present case it appears by the testimony of the petitioner that the son lived at home with his father and mother and that all three of them worked in the mill, the the father earning about $11.50, and the mother and son each about $8.00 per week; that the father owned the house in which they lived, which had a rental value of $10.00 a month; and that the father and mother owned two other houses, each of which rented for $7.00 a month. These houses were mortgaged for $500.00, the interest being $30.00 per year. The son gave his pay to his parents every week, in return for which they gave him about $1.00 in money, in addition to supplying him with board, lodging and clothing. From this arrangement the father received a net profit of some $5.00 a week from his son's wages, and at the time of the injury to the son the united savings of the family were from $10.00 to $12.00 per week. Since the death of the son the mother has ceased to work in the mill, but the father has continued to work there and has been able to support himself and wife out of his wages and income and save $3.00 or $4.00 per week.

Upon these essential facts the Superior Court found that the father was not wholly or partly dependent for support upon the earnings of his son at the time of the injury and, therefore, was not entitled to receive compensation under the terms of the Workmen's Compensation Act. The Superior Court, however, ordered the respondent to pay to the petitioner the sum of $200.00 for the expenses of the last sickness and burial of the son.

We think that the decision of the Superior Court was correct. The test of dependency is not whether the petitioner, by reducing his expenses below a standard suitable to his condition in life, could secure a subsistence for his family without the contributions of the deceased son, but whether such contributions were needed to provide the family with the ordinary necessaries of life suitable for person's in their class and position. Boyd Workmen's Compensation, Sec. 234; *Main Colliery Company* v. *Davies*, 2 W. C. C. 108; *Howells* v. *Vivian & Sons*, 4 W. C. C. 106. The petitioner is not bound to deprive himself of the ordinary necessaries of life to which he has been accustomed in order to absolve the respondent from the payment of damages nor can he on the other hand demand money from the employer for the purpose of adding to his savings or investments. The expression "dependent" must be held to mean dependent for the ordinary necessaries of life for a person of his class and position, and does not cover the reception of benefits which might be devoted to the establishment or increase of some fund which he might desire to lay aside. *Simmons* v. *White Brothers*, 1 W. C. C. 89.

The decree of the Superior Court is affirmed and the cause is remanded to said court for further proceedings.

*Alberic A. Archambault, Raoul Archambault,* for petitioner.
*Gardner, Pirce & Thornley,* for respondent.