ETHEL NEWTON *vs.* THE RHODE ISLAND COMPANY.

JANUARY 10, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Workmen's Compensation Act. Dependency.*

By *dependency* under the Workmen's Compensation Act, is intended a reliance for support upon the earnings of a workman at the time of the injury which resulted in his death and not at any time thereafterwards. It is therefore to the time of the injury alone that the court should look in determining who if any, of the members of a family or next of kin should be regarded as a dependent or dependents according to the terms of the Act.

*(2) Workmen's Compensation Act. Remarriage of Dependent.*

The remarriage of a dependent widow of a deceased employee to whom compensation has been awarded in accordance with the terms of the Workmen's Compensation Act, does not affect the obligation of the employer to continue the payments under the award.

PETITION under Workmen's Compensation Act. Heard on application of respondent to modify decree, upon questions of law certified by Superior Court.

SWEETLAND, J. The above entitled proceeding is a petition under the Workmen's Compensation Act filed in the Superior Court October 16, 1915. The petitioner therein claimed compensation for loss arising from the death of her husband, James E. Newton; which death resulted from a personal injury received by him through accident arising out of and in the course of his employment with the respondent the Rhode Island Company. On January 16, 1916, by decree of the Superior Court it was adjudged that the petitioner was wholly dependent upon the earnings of the deceased at the time of said injury and the respondent was ordered to pay to the petitioner as compensation the sum of $7.64 per week for a period of three hundred weeks from May 22, 1915, the date of said injury. On November 29, 1916, the respondent, The Rhode Island Company, filed in the Superior Court its application asking said court to vacate or modify said decree for the reason that the petitioner on August 22, 1916,

was legally married to one Nathaniel Major, Jr., and by virtue of said marriage ceased to be dependent for her support within the meaning of the Workmen's Compensation Act upon any other source of income than the earnings or income of said Nathaniel Major, Jr.   At a hearing upon said application in the Superior Court it appeared that the petitioner had remarried as set out in the application.

The case is before us upon certain questions of law certified by the Superior Court to this court for its determination. By reason of our decision upon the first of said questions a consideration or determination of the others becomes unnecessary.   The first of the questions certified is as follows: "First:   Did the obligation of the respondent, The Rhode Island Company, to pay compensation to the petitioner cease by reason of the petitioner's second marriage?"

The application of the respondent is based upon its contention that the provision in favor of the petitioner contained in said decree arose out of her dependency upon the earnings of James E. Newton; that when she remarried her status changed and her former dependency should no longer be considered as the basis of any claim against the respondent; that after her second marriage she became wholly dependent upon the obligation of her present husband to provide for her support; and any benefit arising to her under said decree as widow of James E. Newton terminated.

The rights of the parties in the premises are wholly dependent upon the provisions of the Workmen's Compensation Act, Chap. 831, Pub. Laws, approved April 29, 1912, and the amendments and additions thereto.   Unless said act expressly or by necessary implication authorizes the Superior Court to modify its decree upon the second marriage of the petitioner and because of such marriage the question propounded must be answered adversely to the respondents.   The provisions of the act justify the respondent's contention that in passing upon the petitioner's claim for compensation her dependency was the point of

(1) supreme importance.   By dependency however the statute clearly intends a reliance for support upon the earnings of a workman at the time of the injury which results in his death, and not at any time thereafterwards.   Manifestly no one can be regarded as a person dependent upon the earnings of a deceased workman after his death.   It was therefore to the time of the injury alone that the Superior Court was to look in determining who, if any, of the members of James E. Newton's family or next of kin should be regarded as his dependent or dependents according to the terms of the statute.   The Superior Court found and decreed that the petitioner was at the time of the injury wholly dependent upon the earnings of said Newton for her support.   No appeal was taken from this decree; and the standing of the petitioner became fixed as the dependent of James E. Newton, and the person entitled to compensation from the respondent in the amount and for the period fixed by statute.   It seems clear that during the lifetime of the petitioner, within the period named in the decree, her status in that regard, depending upon a finally adjudicated fact, cannot be changed by extraneous happenings.   The terms of the decree in question, with reference to said payments, were unconditional; and there is nothing contained in the statute which authorized the Superior Court to make them otherwise.   In providing for payments to the dependents of deceased workmen extending over so long a period as three hundred weeks we are justified in believing that the General Assembly, in passing the act, could not have been unmindful of the possibility that during such period a change might happen in the financial circumstances of a petitioner found to be dependent; and that by reason of remarriage or the acquisition of other and ample means of support the former dependent might become entirely independent of the compensation decreed in his or her favor.   Nevertheless, the Workmen's Compensation Act contains no provision that in the event of such change there should be a modification of the decree which by its terms is absolute and unconditional.

The legislative intent is by no means clear that if the payments under the decree are no longer a necessary part of the petitioner's means of support such payments should be discontinued.  The absence of provision to that effect in the act leads rather to the opposite conclusion.  A conclusion, adverse to the respondent's contention, is supported in some degree by an examination of certain provisions of the act.  Section 14, Article III, provides that within two years after the entry of a decree fixing compensation for an injured employee, who has not deceased, and before the expiration of the period for which compensation has been granted, upon the application of either party on the ground that the incapacity of the injured employee has subsequently ended, increased or diminished, said decree may be reviewed by the Superior Court and modified or vacated in accordance with the facts.  The General Assembly in said section was dealing with the subject of the review, vacation or modification of decrees entered under the act; but it failed to provide for the review, modification or vacation of a decree in favor of the dependents of a deceased employee in the event of a subsequent change in the financial circumstances of such dependent.  Section 25, Article II provides that, in case payment of compensation has continued for not less than six months, the Superior Court may upon the application of either party order the commutation of the future payments to a lump sum in accordance with the method set out in said section.  This provision, in the case of weekly payments decreed in favor of a dependent, is somewhat inconsistent with the view that the decree for weekly payments, at any time during the period for which such weekly payments have been awarded, may be vacated or modified because the necessities of the dependent have changed by reason of a change in his or her condition.  For this court to adopt the position of the respondent and to hold that notwithstanding the silence of the statute in that regard the remarriage of the petitioner or a favorable change in her financial condition warranted

a modification of the decree to conform to what must have been the intent of the General Assembly, though such intent is not specifically expressed in the act, would amount to judicial legislation on the part of the court.

The respondent has called to our attention the opinion of a justice of the Common Pleas Court of New Jersey which appears in 39 New Jersey Law Journal at page 170. In that case the justice held that the nature and purpose of the New Jersey compensation act "was to provide for payments to take the place of the earnings of the injured workman if alive, or to be for the benefit of his actual dependents if dead during the temporary period of readjustment made necessary as a result of the accident." Said justice further held that a dependent widow of a deceased workman upon her remarriage ceased to be a dependent within the meaning of the act and had no right to further compensation thereunder.

We find little authority, upon the question now before us, in the reports of the decisions of the appellate courts of England and the courts of last resort in this country. In *Pryce* v. *Penrikyber Navigation Co.*, 1 K. B. Div. 1902, p. 221, the Court of Appeals was considering the claim of an employer, that the widow of a deceased workman should not be considered as wholly dependent upon the earnings of her husband at the time of his death because personal estate of the value of £100, belonging to the husband in his lifetime, passed to his widow upon his death. In the discussion of this point COLLINS, M. R., held that where the deceased's earnings were the only source of support and the widow was wholly dependent upon them at the time of the death of the husband the condition at the time of the death governed and not the conditions which arise afterwards. In the case of *Adleman* v. *Ocean Accident and Guarantee Corporation*, 101 Atl. 529, before the Court of Appeals of Maryland, it appeared that a partly dependent sister of a deceased workman, in whose favor a decree had been entered, married subsequent to the death of the employee;

and the employer filed a petition praying that the compensation awarded her be abated from the date of her marriage. The Workman's Compensation Act of Maryland, unlike the Rhode Island act, specifically provides that "in case of the remarriage of a dependent widow of a deceased employee without dependent children all compensation under this act shall cease." But the Maryland act has no similar provision with reference to compensation granted a dependent sister. The employer urged, however, that, upon analogy the court should hold that compensation awarded a dependent sister should also cease upon her marriage. In discussing this claim the court said: "But there is no such provision in reference to other dependents mentioned in the act, and it is reasonable to conclude that if the legislature while dealing with the subject of abatement of compensation had intended the compensation provided for a sister to abate upon her marriage it would have so declared in plain terms." It thus appears that the court determined the question before it, not in accordance with what might be regarded as the purpose of the compensation act but in strict conformity with its express terms. An authority directly in point is *Bott's Case*, 230 Mass. 152. The Massachusetts Workmens' Compensation Act, like our own, contains no provision for the modification of a decree awarding compensation to the dependent widow of a deceased workman in the event of her remarriage. In the *Bott's Case* it appeared that the dependent widow of a deceased employee to whom compensation had been awarded in accordance with the terms of the act, during the period covered by the award, married a man whose earnings were sufficient for the support of both of them. The court held that it was manifest from the facts found that the woman was no longer dependent for her support upon the payments received under the act. The court said: "The ascertainment of dependents is made as of the time of the injury to the deceased employee. It cannot be made as of any other time." . . . "No provision is made by the act for inquiry into

any subsequent change in her condition of dependency. She may become heiress to a fortune after his death and thus be utterly independent of the payments provided by the act. But there is no provision for an adjudication of that fact." . . . "Whatever incongruity there may be in continuing payments to a person on the presumption that she is dependent on a deceased husband when in fact she is receiving ample support from a new husband is a matter for the Legislature and not for the courts to remove."

Our answer to the first of the questions certified to us is that the obligation of the respondent Rhode Island Company to pay compensation to the petitioner did not cease by reason of her second marriage.

The papers in the case with this decision certified thereon will be sent back to the Superior Court.

*Fitzgerald & Higgins*, for petitioner.
*Clifford Whipple, Earl A. Sweeney*, for respondent.