RUTH JOHNSON, *Adm'x. vs.* ROSE LANIFERO *d.b.a.* RHODE ISLAND CONTRACTING COMPANY.

JULY 30, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Baker, J.   This is a petition filed under the provisions of the workmen's compensation act, general laws 1938, chapter 300, by the administratrix of the estate of Carl H. Johnson, hereinafter referred to as the deceased, in order to obtain compensation for his two dependent daughters, on the ground that he died by reason of an injury by accident arising out of and in the course of his employment by the respondent.   After a hearing in the superior court the trial justice entered a decree ordering a weekly payment for a definite period of a certain sum of money to the petitioner,

as compensation for the benefit of deceased's daughters, to be divided equally between them. From the entry of this decree the respondent duly prosecuted her appeal to this court.

No evidence was submitted by the respondent. From evidence introduced by the petitioner it appeared that the deceased was a widower, and that she was his sister and aunt of his two daughters, who were respectively seventeen and fifteen years of age on March 13, 1945, the date of the accident from which he died in the Rhode Island Hospital March 15, 1945. The evidence also showed that the respondent's husband, the deceased and several other men who were employed by her were active members of the police or fire department of the city of Providence in this state, and were permitted by the city government during the war emergency to do other work in their free time. The deceased was a regular member of the city police force assigned to night duty.

He had worked for the respondent for at least a year prior to the accident as an ordinary handy man or laborer, his pay being 85 cents an hour. On the morning of March 13, 1945 he and two or three other employees of the respondent reported at the plant of the Gorham Manufacturing Company, hereinafter called the Gorham Company, in Providence. For use in their work they had a 1937 GMC pickup truck, so called, belonging to the respondent. During that morning they moved materials and supplies in this truck from one building to another in the plant, and they also cleaned up a yard in the rear of one of the buildings. They were allowed a half hour from 12 o'clock noon to 12:30 p.m. for lunch and some of the men, including the deceased, went in the truck to the plant cafeteria to get their meal.

After finishing lunch the men re-entered the truck, one of them acting as operator, another riding in the body of the truck and the deceased standing on its running board on the driver's side and facing toward the rear. The truck was then driven slowly a few hundred feet from the cafeteria to

the carpenter shop, where an employee of the Gorham Company was to tell the men what work they were to do that afternoon. As the truck was proceeding at a speed of from five to eight miles per hour, and was gradually stopping in front of the carpenter shop, the deceased suddenly fell from the running board toward the front and clear of the truck, landing on his back and striking his head on the macadam road. He became unconscious and was moved as soon as possible in an ambulance to the Rhode Island Hospital where he died two days later, without regaining sufficient consciousness to enable him to tell how he happened to fall. The cause of death is stated in the following language in his death certificate: "Skull Fracture Brain Laceration Subdural Hematoma Brain Hemorrhage & Decompression".

■ By way of defense the respondent first argues that the petitioner is not the proper party to bring this petition, but that it should have been brought by the deceased's daughters, either by a next friend or a guardian. We do not agree with this contention. According to G. L. 1938, chap. 300, art. III, §2, when death has resulted from the injury and there is a dispute, any person in interest may file in the office of the director of labor a petition setting forth the material facts and asking for compensation. Undoubtedly the deceased's daughters as dependents are persons in interest and could have brought the petition, but they are not necessarily the only persons in interest, by virtue of another statutory provision.

General laws 1938, chap. 300, art. II, §15, is in part as follows: "The compensation payable under this chapter in case of the death of the injured employee shall be paid to his legal representatives; or, if he has no legal representative, to his dependents entitled thereto . . . . If the payment is made to the legal representative of the deceased employee, it shall be paid by him to the dependents or other persons entitled thereto under this chapter." In this section the compensation is made payable in the first instance to the legal representative of the deceased employee who, in the

instant cause, was the petitioner, the administratrix of his estate. Since the statute contains the above specific provision, it is our opinion that the legal representative of the deceased employee must clearly be considered a person in interest who may properly file a petition for compensation. Such being the case we find that the present petition is correctly brought. Cases cited by the respondent in this connection are not in point.

■ The respondent next maintains that the deceased was not an employee and, in any event, was not her employee within the meaning of the workmen's compensation act. She calls our attention to G. L. 1938, chap. 300, art. IX, §1 (b) where the following language is used: "The word 'employee' means any person who has entered into the employment of, or works under contract of service or apprenticeship with any employer . . . . It shall not include a person whose employment is of a casual nature, and who is employed otherwise than for the purpose of the employer's trade or business". The respondent contends that, as a matter of law, the deceased's employment was of a casual nature and therefore under the statute he was not an employee within the meaning of the act.

If the deceased's employment came within this definition he would not be an employee under the act; but if his employment was found not to be within this exclusion, as it was defined by this court in the case of *Gibbons* v. *United Electric Rys. Co.,* 48 R. I. 353, he would be within the provisions of the act. In reference to this part of the act the court in the *Gibbons* case said, at page 355, in finding that the petitioner was entitled to compensation: "The employment of the petitioner might well be regarded as casual in that the period of its continuance was uncertain and that the employment was occasional, but that circumstance is not sufficient to bar the petitioner from compensation under the act unless the employment was also not for the purpose of the employer's business." In the circumstances we do not agree with the respondent's contention that the de-

ceased's employment was of a casual nature. We are of the opinion that he was an employee under the act and that the exclusion provision of the statute has no application in this cause.

It is also contended on behalf of the respondent that if the deceased was an employee under the act, then as a matter of law he was an employee of the Gorham Company, because he and his fellow workmen at times took their orders from a man named Bullock, who was employed by the Gorham Company, and because the record of time spent working by the deceased and the others was kept by someone in the Gorham Company plant. We are unable to agree with the above contention of the respondent that the deceased was, as a matter of law, an employee of the Gorham Company. Cases cited to us by her on this point, in our judgment, are clearly distinguishable.

But the respondent further claims that there was no evidence to support the finding of the trial justice that the deceased at the time of his injury was an employee of the respondent. Under the provisions of the act and our decisions such a finding of fact, in the absence of fraud and if supported by legal evidence, becomes conclusive. No question of fraud is raised and in our opinion there is legal evidence to support the above finding. For example, the truck used by the deceased and his companions was owned by the respondent; she paid the men after making the necessary deductions from their wages; her husband when present gave them instructions as to their work; and an income tax withholding receipt showed that the respondent was the deceased's employer.

The respondent also urges that the deceased did not receive an injury by accident arising out of and in the course of his employment. The trial justice made a finding of fact that he did. The respondent argues that there is no legal evidence to support that finding. Since the deceased was proceeding after lunch, within the plant and in his employer's truck, to receive instructions as to his work, the occur-

rence in question in our opinion took place in the course of the deceased's employment and arose out of it. There was also sufficient causal connection between such employment and deceased's injury. The fact that the deceased was riding on the running board of the defendant's truck, in the circumstances appearing herein, would not prevent the petitioner from recovering compensation. The evidence clearly shows that he fell from the truck and was not attempting to alight while it was in motion. No evidence was presented to show that the respondent had issued any orders prohibiting her employees from riding on the running board of her truck. In our opinion, in so riding on the running board in the existing circumstances, he did not go outside the scope of his employment and incur a danger which was beyond any reasonable exercise thereof.

The principal question seems to be whether or not under the evidence the fall can properly be considered an accident under the statute. In *Barker* v. *Narragansett Racing Ass'n., Inc.,* 65 R. I. 489, at page 495, an accident was defined by the court as "some unlooked-for mishap or an untoward event which is not expected or designed." Language to the same effect appears in *Mederos* v. *McLeod,* 65 R. I. 177. This court has also held that a finding of death by accident may rest on proper inferences drawn by the trial justice from the evidence. *St. Goddard* v. *Potter & Johnson Machine Co.,* 69 R. I. 90.

It is not shown clearly by the evidence what caused the deceased to fall from the running board of the truck which at that time was moving slowly, did not turn or stop suddenly, and did not go over any rough place in the road. The trial justice, from all the evidence drew the inference that the deceased lost his balance, or that his attention became diverted, and that his fall was accidental. Such an inference, if reasonable and proper, as in our opinion it seems to be considering all the facts, constitutes legal evidence.

The evidence tended to show that the deceased's health prior to his death had been good; he had not been sick; no

doctor had treated him; he was only forty years of age; and he was actively performing his duties as a member of the Providence police force. In view of further testimony that the deceased had eaten breakfast with his daughters on the morning of March 13, 1945; was then in excellent spirits and had been so for many months; and in the absence of testimony that he had been drinking or had any reason to take his own life, an inference that he threw himself from the truck purposely with the idea of committing suicide would, in our judgment, be fantastic.

The doctor who attended him at the hospital after he was injured testified that the primary cause of death was very severe brain damage; that he examined deceased's heart; that in the witness' opinion there was no evidence to show that he had suffered a heart attack or a dizzy spell and had fallen as a dead weight; and that while such a happening might be possible it was not probable. Any inference, therefore, that the deceased's fall was caused by illness or his physical condition in our opinion would not be the reasonable conclusion to be drawn from the evidence. In these circumstances the above explanation of deceased's fall as made by the trial justice by inference from the evidence appears to us to be justifiable. His finding that the deceased received an injury by an accident arising out of and in the course of his employment is supported by legal evidence and is in the circumstances conclusive.

■■ Assuming that the petitioner is entitled to receive compensation on behalf of the deceased's daughters, and granting the conclusive statutory presumption of their dependency, since both were under eighteen years of age at the time deceased was injured, the respondent contends that they are entitled to receive compensation only until they reach that age, but not thereafter. She construes the period for making payments as set out in the statute, viz., six hundred weeks from the date of the injury, as meaning six hundred weeks or until the dependent child reaches the age of eighteen years. The petitioner, on the other hand, construes the statute literally.

General laws 1938, chap. 300, art. II, §7 (c), provides that a child or children under the age of eighteen years are among the persons conclusively presumed to be wholly dependent upon a deceased employee. Who are dependents in any given case is to be determined as of the date of the injury resulting in death. See *Newton* v. *Rhode Island Co.*, 42 R. I. 58. In this cause the pertinent date is March 13, 1945.

We find no authority for the respondent's contention that compensation payments cease when a dependent child reaches the age of eighteen years. In fact, cases decided by this court in effect hold otherwise. The opinion in the *Newton* case, *supra,* which was handed down almost thirty years ago, decided that the fact of dependency of a widow remained fixed through the entire period in which payments were due regardless of her improved financial condition. In *Fuller Co.* v. *Ryan,* 69 R. I. 347, the *Newton* case was cited with approval. See also *Cronin's Case,* 234 Mass. 5.

In view of the clear and definite language in the act, G. L. 1938, chap. 300, art. II, §6, as amended, and the decisions of this court, we are of the opinion that the petitioner, on behalf of deceased's daughters, is entitled to receive from the respondent the payment of compensation prescribed thereunder for the period of six hundred weeks from March 13, 1945. If any limitation in the amount of payments authorized by the act or the length of time they are to continue is desired or deemed advisable it should, in our judgment, be made by the general assembly and not by the court.

▮ The respondent also attacks the weekly award of $17.47 made herein as compensation by the trial justice. This figure was apparently reached by computing 60% of the average weekly pay received by the deceased as shown by six of his pay envelopes which were in evidence, five for the year 1945, and one for December, 1944. The respondent contends that the computation should be made by taking into account the average weekly pay of the deceased based on his yearly earnings for 1944. Upon consideration we cannot say that, in the circumstances, the method used

by the trial justice was erroneous. The statute, §6, *supra,* merely refers generally to "average weekly wages" without any specification or limitation of time or dates. Apparently the statute does not require that a full year's earnings be used as a basis for computation. Here the trial justice figured the average from wages earned by the deceased during approximately three months prior to his death. We cannot say that his action in this regard was unreasonable.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

Moss, J., did not participate in the decision.

*Francis J. O'Brien,* for petitioner.

*Eugene J. Sullivan, Jr.,* for respondent.