242 A.2d 292.

THOMAS LE BLANC AND DORIS LE BLANC *et al. vs.*
STANLEY BALON *d.b.a.* BLACKSTONE CATERING CO.

MAY 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This petition, W.C.C. No. 65-1319, was heard before the workmen's compensation commission together with W.C.C. No. 66-0292. The parties have briefed

and argued the appeals together, but since the commission has filed and entered a separate decision and a separate decree in each case, we shall treat the appeals separately.

Workmen's compensation commission No. 65-1319, docketed No. 256-A in this court, is a dependents' amended petition for death benefits under G. L. 1956, §28-33-12, as amended. In substance the petition alleges that one Robert Le Blanc, a minor, on July 17, 1965, while employed by respondent, suffered work-connected injuries which resulted in his death on July 28, 1965. The petitioners, Thomas and Doris Le Blanc, the father and mother of the deceased minor, allege that they and their other minor children, William and Margaret, were partially dependent upon the earnings of the deceased minor when he suffered the aforesaid injuries and are therefore entitled to compensation from respondent under §28-33-12, as amended.

Additionally, petitioners allege entitlement to burial expenses under §28-33-16, as amended, and treble weekly benefits for partial dependency under §28-33-22, as amended, on the ground that the deceased minor was employed in violation of state and federal laws relating to the employment of minors.

The respondent operates a catering business. He employs young boys and girls during their summer vacation and after school hours to prepare and serve food and beverages for people requiring his services.

The decedent, aged 16, had been employed by respondent since the week ending June 25, 1965. On the evening of July 17, 1965, the decedent and three coemployees, having completed their work at several jobs in Rhode Island and nearby Massachusetts, were returning home from Woonsocket to Central Falls in a van-type truck owned by respondent and operated by one of decedent's fellow-employees. As the truck came to a stop on Manville Road, in the city of Woonsocket, the decedent lost his balance, fell from the truck, and sustained head injuries resulting in his death

on July 28, 1965. It is undisputed that decedent sustained compensable injuries.

The petitioners also presented evidence to prove that decedent's employment was in violation of the state and federal laws. It appears from the transcript that the evidence relating to the precise time of the accident is in conflict. But, for reasons which will appear later in this opinion, it is not necessary to discuss the evidence pertaining to this issue at any length in this proceeding.

The primary question raised by this appeal is whether the findings of fact relating to dependency are supported by competent evidence and whether the commission applied the correct law in making such findings. We address ourselves therefore to the evidence pertaining to the question of whether or not petitioners were partially dependent upon decedent's earnings for support at the time of his injury.

At the time of the injury the decedent was the youngest member of a family of five, all of whom were employed. The family lived together in a rented six-room apartment on the third floor of a dwelling house in Central Falls. The father had worked for the same employer for almost 20 years prior to the time of decedent's accident. His net average pay for the 28 weeks he worked in 1965 prior to decedent's injury was $88.95. He had arranged many years ago to have $10 weekly deducted from his salary and deposited to his credit in a savings account in the company credit union. The balance in this account on July 2, 1965, was $653.20.

The mother had worked for the previous 11 years before the decedent's injury. Her take-home pay for the four weeks ending at the time of the injury averaged $77.57. William Le Blanc, then age 18, was a student at Providence College. He also worked for respondent on Saturdays and earned between $12 and $16 weekly. Margaret Le Blanc, then age 17, was a student nurse. She was working at the

time of the injury and was receiving a net pay of approximately $32.50 weekly. The decedent was receiving a take-home pay of $50.13. At the time of the injury the family also had the following savings accounts in the Central Falls Credit Union: Robert or Thomas J. Le Blanc, $800.37; William or Doris Le Blanc, $706.67; Amelia or Thomas Le Blanc, $689.90.

The mother took care of all the family finances. Each member of the family turned in his or her earnings to her and she paid the bills and gave the children spending money. The petitioners borrowed $900 each year to pay for William's tuition. They were also paying for a loan on an automobile. Margaret was scheduled to attend nursing school in the fall. Her tuition was $450 for one year plus $100 for uniforms.

The family living expenses, according to the testimony, amounted to $140.72 per week. These included payments for loans, rent, food, gas, electricity, telephone, car repairs, clothing, doctor bills, life insurance, gasoline, car insurance and church donations. The net income from Mr. and Mrs. Le Blanc's earnings amounted to $166.52. When the earnings of decedent's brother and sister were included, the net income amounted to $211.02 weekly. From this computation it is evident that there was a weekly surplus of income over expenses. It also appears from the evidence that the money in the savings accounts was saved before decedent became 16 years of age and before he began working for respondent.

Mrs. Le Blanc admitted that there had been no changes in the way the family lived after the decedent went to work. The petitioners also admit that the family budget permitted some savings to cover emergencies and future needs. The petitioners presented no evidence that they were deprived of the ordinary necessaries of life suitable for persons in their class and position by reason of the loss of decedent's earnings.

After reviewing the evidence and what he considered to be the applicable legal standards, the trial commissioner stated that he was satisfied that none of petitioners were dependent for their support in the slightest degree on the earnings of the decedent at the time of his injury. He observed that Mr. and Mrs. Le Blanc had been gainfully employed for many years and it was hard for him to believe that the decedent's earnings for the summer were going to be used for the support of anyone in the household. He concluded that the decedent's temporary earnings were going to be used for things that he needed as a healthy teen-ager in order to enjoy the summer before returning to school and not to provide the necessaries of life for his father, mother, brother and sister.

The trial commissioner did find, however, that the deceased died as a result of the work-connected injuries which he sustained on July 17, 1965 and that he was not employed in violation of either state or federal law. Accordingly, he ordered respondent to pay burial expenses in the maximum amount specified by the act, and all reasonable medical, surgical and hospital fees, charges and expenses in accordance with the pertinent provisions of the act. The full commission entered a decree affirming the findings of fact and the orders contained in the decree of the trial commissioner. The cause is here on petitioners' appeal from the decree of the full commission.

The petitioners contend that in finding that there was no dependency the commission overlooked and misconceived material evidence. They argue that the commission overlooked "* * * the question of education and just plain every day living"; and that it misconceived the evidence relating to the three savings accounts. They have cited cases from other jurisdictions to support their position on this issue. In our judgment there is no merit in petitioners' contentions. Nor do we believe it is necessary to discuss the

numerous cases from other jurisdictions which they have cited.

In considering the question of dependency we are guided by the language of G. L. 1956, §§28-33-14 and 28-33-15, which provide, in pertinent part, as follows:

> "Determination of dependency—Division of payments among dependents.—In all other cases questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury. * * *"

> "Relationship and dependency required.—No person shall be considered a dependent unless he is a member of the employee's family or next of kin, wholly or partly dependent upon the wages, earnings or salary of the employee for support at the time of the injury."

The law concerning dependency is well settled in this state. In *Newton* v. *Rhode Island Co.*, 42 R. I. 58, 60, 105 A. 363, 364, this court stated:

> "* * * By dependency however the statute clearly intends a reliance for support upon the earnings of a workman at the time of the injury which results in his death, and not at any time thereafterwards. * * * "

See also *Foy* v. *A. D. Juilliard & Co.*, 63 R. I. 233, 7 A.2d 670. G. L. 1956, §28-33-14. In *Dazy* v. *Apponaug Co.*, 36 R. I. 81, 85, 89 A. 160, 161, we laid down the test for determining dependency. We said:

> "* * * The test of dependency is not whether the petitioner, by reducing his expenses below a standard suitable to his condition in life, could secure a subsistence for his family without the contributions of the deceased son, but whether such contributions were needed to provide the family with the ordinary necessaries of life suitable for persons in their class and position. Boyd Workmen's Compensation, Sec. 234; *Main Colliery Company* v. *Davies*, 2 W.C.C. 108; *Howells* v. *Vivian & Sons*, 4 W.C.C. 106. The petitioner is not bound to deprive himself of the ordinary necessaries of life to which he has been accustomed in order to absolve the respondent from the payment of damages nor can he

on the other hand demand money from the employer for the purpose of adding to his savings or investments. The expression 'dependent' must be held to mean dependent for the ordinary necessaries of life for a person of his class and position, and does not cover the reception of benefits which might be devoted to the establishment or increase of some fund which he might desire to lay aside. *Simmons* v. *White Brothers,* 1 W.C.C. 89."

We come now to the situation in the case at bar. The question before us, as we have stated previously, is whether the finding by the trial commissioner, as affirmed by the full commission, that on July 15, 1965, petitioners were not dependent upon the earnings of the decedent, is supported by competent evidence.

Whether dependency exists in a particular case is a question of fact. If such finding is supported by competent evidence, it is conclusive and binding upon us in the absence of a showing of fraud. *Lukowicz* v. *Plantations Construction Co.,* 87 R. I. 298, 140 A.2d 505; *Chase* v. *General Electric Co.,* 83 R. I. 269, 115 A.2d 683.

In our judgment the finding by the commission that there was no dependency is supported by competent evidence. The commission was warranted in concluding that petitioners were not relying on decedent's wages for support at the time of the injury. The undisputed evidence is that Mr. and Mrs. Le Blanc had been gainfully employed for many years and had supported the family from such earnings. Mrs. Le Blanc's testimony that there had been no changes in the way the family lived after the decedent went to work and the absence of any evidence showing that petitioners were deprived of the ordinary necessaries of life suitable for persons in their class and position by the loss of decedent's earnings are factors which support the commission's finding that none of petitioners were dependent for support upon decedent's earnings at the time of his injury. Under the law in this state, it is our opinion that the com-

mission was warranted in inferring from such evidence that decedent's earnings were not necessary for the petitioners to continue to live as they had before the injury. *Dazy, supra.* Nor did the commission, in so ruling, overlook any material evidence.

In light of our decision on the issue of dependency, we do not reach, in this proceeding, the question of the legality of decedent's employment.

The petitioners' appeal in W.C.C. No. 65-1319 is denied and dismissed, the decree appealed from is affirmed in accordance with this opinion, and the cause is remanded to the workmen's compensation commission for further proceedings.

Motion for reargument denied.

*William R. Goldberg, Moses Kando, Ronald R. Gagnon,* for petitioners, appellants.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* of counsel, for respondent, appellee.