242 A.2d 295.

THOMAS LE BLANC, FATHER OF ROBERT LE BLANC *vs.* STANLEY BALON *d.b.a.* BLACKSTONE CATERING CO.

MAY 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a companion case to *Le Blanc* v. *Balon*, 104 R. I. 99, 242 A.2d 292, filed this date. It is an original petition for the payment of compensation benefits for total incapacity from July 17, 1965, the date of the injury, to July 28, 1965, the date of Robert Le Blanc's death. The petition also contains a request for the payment of medical expenses. The decree of the trial commissioner granted the petition and in addition awarded witness and counsel fees and costs. The full commission affirmed the decree entered by the trial commissioner. The cause is here on the petitioner's appeal from that decree.

The narrow question raised by this appeal is whether there is any merit in petitioner's claim that decedent was employed in violation of state and federal law relating to the employment of minors, thus entitling petitioner to treble compensation under the provisions of G. L. 1956, §28-33-22, as amended.

The petitioner assigns as his reasons of appeal that the decree entered by the full commission is against the law and the evidence and the weight thereof. Additionally, he alleges: in reason No. 5 that the commission predicated its decision on inferences improperly drawn; in reason No. 6 that the commission misconceived and misconstrued the probative evidence in determining whether or not the accident happened after 11 p.m.; and in reason No. 7 that the commission misconceived and misconstrued the definition of "helper" as defined in the federal law.

Under reasons Nos. 5 and 6 petitioner argues that the overwhelming probative evidence shows that decedent was

employed after 11 p.m. in violation of §28-3-11, as amended: that the accident occurred after 11 p.m.; and that the commission drew improper inferences from such evidence in concluding that the accident occurred before 11 p.m.

Section 28-3-11, as amended, provides in pertinent part that:

> "No minor under eighteen (18) years of age shall be employed or permitted or suffered to work in any factory, manufacturing, mechanical, business or mercantile establishment within this state before six o'clock in the morning or after eleven o'clock in the evening of any one (1) day."

Section 28-33-22, as amended, provides in pertinent part as follows:

> "Minors employed in violation of law.—If, at the time of the injury, the employee injured is a minor employed in violation of any law of this state or of the United States relating to the employment of minors, then the compensation payable shall be treble the amount which would have been payable if such minor had been legally employed."

The evidence pertaining to the issue raised by reason No. 6 is in conflict. There is no direct evidence on the record that the decedent was *hired* to work hours which would violate §28-3-11. Some of the witnesses, however, including decedent's co-workers, testified that the accident happened after 11 p.m., making it reasonable to conclude that the decedent was *permitted* to work hours which violate §28-3-11. The respondent's sister, on the other hand, testified that she was the office clerk and that she received a call shortly after 10:30 p.m. on July 17, 1965, informing her that an accident occurred. The respondent testified that he was notified of the accident at about 10:45 p.m.

On this conflicting testimony the trial commissioner found that the accident occurred prior to 11 p.m. and concluded that decedent was not employed by respondent in violation of the laws of this state or of the United States. The full commission affirmed. We find no error.

There is no dispute about the applicable law. The power to determine questions of fact is placed in the commission. A conclusion

> "* * * based directly on legal evidence or by way of reasonable inference therefrom is a finding of fact and is conclusive under the act; * * * questions respecting the credibility of witnesses and the weight of legal evidence are questions of fact and not of law."

*Chase* v. *General Electric Co.,* 83 R. I. 269, 271, 115 A.2d 683, 684. See also *Lukowicz* v. *Plantations Construction Co.,* 87 R. I. 298, 140 A.2d 505.

From an examination of the transcript it is our opinion that the evidence supports the commission's finding on this issue. It is obvious that the trial commissioner gave no weight to the testimony that the accident happened after 11 p.m. It is just as obvious that he relied on the testimony of respondent and his sister in drawing the inference that the accident happened prior thereto.

On this record we cannot say that the commission erred in failing to infer from the evidence that decedent was employed in violation of §28-3-11. Nor are we persuaded that the commission misconceived or misconstrued the probative evidence in determining that the accident happened prior to 11 p.m.

Under reason No. 7 petitioner argues that the commission misconceived and misconstrued the meaning of the word "helper" as it is defined in an order promulgated by the Secretary of Labor pursuant to the provisions of the "Fair Labor Standards Act of 1938, As Amended." The order in question states that the occupations of "motor-vehicle driver" and "helper" are declared to be particularly hazardous for minors between 16 and 18 years of age. Additionally, the order contains a definition of the terms "motor vehicle," "driver" and "helper." Such order and definitions are contained in a pamphlet entitled "A Guide to Child-Labor Provisions of the Fair Labor Standards Act" and

otherwise designated as "Child Labor Bulletin No. 101." A copy of said "Fair Labor Standards Act" and of bulletin No. 101 are included in the file of this case, but they were not introduced in evidence as exhibits.

The petitioner contended before the commission, as he does before us, that the decedent was engaged in violation of the federal act, in that he was employed as a motor vehicle "helper." The trial commissioner found that decedent was not a "helper" within the meaning of the federal act and that he was not employed by respondent in violation of the laws of this state or of the United States. The full commission affirmed.

The respondent contends that the federal act and order promulgated pursuant thereto are not properly before us because they were never introduced into evidence and are therefore not part of the record of this case. Alternatively, respondent argues that even if this issue were properly before us, the commission correctly concluded that decedent was not a "motor vehicle helper" within the meaning of the federal act.

On this record we do not know how the question of violation of the federal act was raised before the commission; nor have the parties presented any authorities or cases relating to the question of what constitutes a motor vehicle "helper" within the meaning of the federal act. Reason No. 7 raises issues of sufficient importance to require, in our judgment, further briefing and argument on at least two questions. The first is whether the workmen's compensation commission initially, and this court on review, should take judicial notice of federal statutes and orders promulgated pursuant thereto and, if so, how that matter should have been brought on the record. The second is whether a determination of who is a motor vehicle "helper" within the meaning of the act is a question of fact, of law, or a mixed question of fact and law.

Accordingly, the parties may furnish supplemental briefs in accordance with this opinion and the case may be assigned for further argument thereto pursuant to our rules.