247 A.2d 92.

THOMAS LE BLANC, *Father of Robert Le Blanc, vs.*
STANLEY BALON, *d.b.a. Blackstone Catering Co.*

OCTOBER 28, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The pertinent facts involved in this pro-
ceeding are set forth in our opinion in *Le Blanc* v. *Balon,*
104 R. I. 106, 242 A.2d 295. After considering the narrow
issue raised there, we requested further briefing and
reargument on the following questions:

1. Whether the Workmen's Compensation Commis-
   sion initally, and this court on review, should take
   judicial notice of federal statutes and orders pro-
   mulgated pursuant thereto and, if so, how that
   matter should have been brought on the record, and

2. Whether a determination of who is a motor vehicle
   "helper" within the meaning of the act is a question
   of fact, of law, or a mixed question of fact and law.

Because of the result we reach with reference to the sec-
ond question, we conclude that it is not necessary to con-
sider the issues raised by the first. For the purposes of
this case we assume without deciding that the federal stat-
ute and bulletin referred to in 104 R. I. 106, 242

A.2d 295 were properly before the commission. That bulletin contains a definition of who is a "motor vehicle * * * helper" within the meaning of the federal statute. After careful consideration it is our judgment that the question of whether decedent was a "motor vehicle * * * helper" is a question of fact. The commission's finding that he was not a motor vehicle helper is supported by the evidence and inferences which could be reasonably drawn therefrom, and is therefore binding upon this court. In the circumstances, even though we asked the parties to brief and argue the first question, we now decide that a determination of the issues raised therein is not necessary.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*William R. Goldberg, Moses Kando, Ronald R. Gagnon* for petitioner-appellant.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent-appellee.