Laura COGSWELL

v.

MAX SILVERSTEIN & SONS, INC.

No. 82–400–Appeal.

Supreme Court of Rhode Island.

March 6, 1985.

Francis X. Flaherty, Butterfield & Flaherty, Warwick, for petitioner.

Harold E. Adams, Jr., Robert J. Quigley, Jr., Higgins Cavanagh & Cooney, Providence, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Workers' Compensation Commission (commission) denying the petitioner's petition to amend a preliminary agreement between the respondent and the petitioner, claiming that the rate of compensation for a deceased employee's widow should be determined by the law in effect on the date of the employee's death. Although this matter originally came before the commission as an Employee's Petition to Review, it was actually that of the deceased employee's widow who sought to have the commission amend an agreement into which she had entered with her late husband's employer. The pertinent facts are as follows.

Clarence Cogswell was injured on July 2, 1974, in the course of his employment with respondent. Because of his injuries, he was rendered totally incapacitated from July 3, 1974, until his death, as a result of the injuries, on September 11, 1974. At the time of his injury he had one minor child dependent on him. Pursuant to G.L.1956 (1968 Reenactment) § 28–33–17, as amended by P.L.1969, ch. 148, § 1, his rate of compensation was dependent upon the calculation of the state average weekly wage as computed by § 28–44–6(B), and the maximum rate in effect at the time of the injury was to be applicable "for the full period during which compensation was payable." Section 28–33–17. Subsequent to July 3, 1974, the employee by and through his wife, signed a nonprejudicial agreement providing for compensation at the maximum weekly rate in effect at that time of $81.55, plus dependency benefits of $6 for the daughter, assuming total incapacity.

On September 1, 1974, P.L.1974, ch. 268, § 1, and P.L.1974, ch. 271, § 1 went into effect. Chapter 268, § 1, amending the dependent's death benefits provision, § 28–33–12, lifted the previous ceiling on benefits of 500 weekly payments and the limitation that the sum of these payments cannot exceed $32,500. Chapter 271, § 1, amending the defendant's allowance provision,

§ 28–33–17, raised the ceiling on the maximum total disability weekly benefit to 66⅔ percent of the employee's average weekly wage, not to exceed 66⅔ percent of the state average weekly wage. If applied, this amendment would raise petitioner's maximum weekly benefit from $81.55 to $97 per week. On October 16, 1974, after this amendment had become effective and after her husband's death, petitioner executed a preliminary agreement that provided for compensation benefits at the rate of $81.55 plus dependency based on the deceased's employee's rate of incapacity. The deceased employee and petitioner have been paid this amount per week since July 3, 1974.

The sole issue on appeal is whether petitioner was entitled to the higher rate that went into effect before her husband's death, or was she bound by the rate in effect at the time of the husband's injury.

We have stated that deciding who are dependents in a given case is to be determined as of the date of the injury resulting in death. *Johnson v. Lanifero,* 73 R.I. 238, 246, 54 A.2d 412, 416 (1947); *Newton v. Rhode Island Company,* 42 R.I. 58, 60, 105 A. 363, 364 (1919). In *Newton* we stated, "By dependency however the statute clearly intends a reliance for support upon the earnings of a workman at the time of the injury which results in his death, and not at any time thereafterwards." *Id.* at 60, 105 A. at 364.

We relied on this premise when deciding *Card v. Lloyd Manufacturing Co.,* 82 R.I. 182, 107 A.2d 297 (1954). In *Card* a dependent widow sought death benefits under the provisions of P.L.1942, ch. 1246, now G.L.1956 § 28–33–12. After reviewing the history of the statute, we held that the determination of the employee's rights to benefits was to be res judicata on the subsequent petition for benefits by the widow. The rights of the dependent widow are not so separate and distinct from the right of the employee that they constitute separate causes of action but are based

upon one and the same cause of action, namely, the sustaining by the employee of a compensable injury. "So closely and intimately is a dependent's right to compensation tied together with the employee's right to compensation therefor that each has been held to arise at the same time so that only those who were his dependents at the time of his injury are entitled to claim compensation for his death therefrom." *Card*, 82 R.I. at 186–87, 107 A.2d at 299.

Section 28–33–12, as amended by P.L. 1969, ch. 152, § 1, clearly states that the dependent widow's benefits are determined at her husband's date of injury. That statute provides in part:

"If death results from the injury * * * [and] the dependent is the widow of such employee * * * the employer shall pay such widow the weekly rate for total incapacity the deceased employee would have been entitled to receive under the provisions of 28–33–17 * * *." [1]

The dependent widow's benefits are therefore a continuation of her husband's benefits and should not be greater than those that her deceased husband would have received had he lived.

In light of the foregoing, we hold that the petitioner's rate of compensation benefits is determined by the statute in effect on July 2, 1974.

The petitioner's appeal is hereby denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

---

**1.** Public Laws 1974, ch. 268, § 1, removed the 500 week and $32,500 limitation contained in G.L.1956 (1968 Reenactment) § 28–33–12, but still preserved the widow's right to receive only that which the employee would have received under the provisions of § 28–33–17.